GLADNEY, Judge.
This appeal presents solely a question of how much money should be awarded Mrs. Gertie Ann Kingrey as damages for personal injuries received in an automobile accident which occurred March 30, 1958, at Robeline, Louisiana. Mrs. Kingrey’s husband, Arthur R. Kingrey, was a co-plaintiff in this suit, but prior to trial he accepted a tender by the defendant insurer, Fire Association of Philadelphia, in settlement of his claim. His suit was dismissed and he is no longer a party litigant. The defendant also offered by way of legal tender to Mrs. Kingrey, the sum of $3,500, plus accrued interest and costs, but the tender was refused and after a jury trial she received a verdict in the sum of $5,000. From the ensuing judgment the defendant has appealed and appellee has answered the appeal, praying the amount of her judgment be increased to $6,000.
On the Sunday afternoon when the accident occurred, plaintiff, her husband and their two children were seated in her husband’s automobile, a 1957 two-door custom Ford sedan, which was stopped on the main street of Robeline waiting for the traffic signal to change when the Ford automobile was struck from the rear, inflicting damage upon the Kingrey car in the amount of $325.93. Mrs. Kingrey received injuries described in her petition as “serious, painful and disabling injuries to her shoulder and back; * * * a fracture of the left clavicle; * * * injuries to the bones, muscles, tendons, ligaments, nerves, fibers and soft tissues of her shoulder and back.”
Plaintiff was hospitalized in the Natchi-toches Hospital from March 30, 1958, through April 7, 1958, under treatment of Dr. A. F. Breazcale, Jr., who after a complete physical and clinical examination, *620 including X-rays, reported his findings as an incomplete fracture of the left clavicle or collar bone, contusions of the thoracic vertebrae, muscle spasm, and some limitation of motion. The doctor surmised the fracture was due to the sudden twisting of plaintiff’s torso, thereby causing undue strain to the bones and muscles of the back. Upon release from the hospital, Mrs. King-rey remained in bed for a period of three weeks. At the end of two months plaintiff had resumed her regular housework, with the exception of washing and ironing. Dr. Breazeale testified that on July 22, 1958, he released her from further treatment and observation and after that date occasionally saw her when she complained of some pain. He related that his examination of July 22nd revealed the muscles of Mrs. Kingrey’s back and shoulder were not spastic by feeling, but were soft and supple, such as found in normal tissues and at that time the patient was making no complaint of insomnia or headaches. He said references to back pain were localized about the ninth through the twelfth thoracic vertebrae and about the first and second lumbar vertebrae.
According to the testimony of Dr. Brea-zeale the fracture of the collarbone went through a normal healing process, leaving no residual other than what was termed possible pain from scar tissue. He testified such a fracture normally heals within six weeks to eight weeks. He summarized plaintiff’s injuries in the following testimony:
“A. She has been seen in the office for follow-up exams on April 21, May 5, May 26th, June 23 and July 22nd, 1958, at which time she was released from treatment and observation.
“Q. In other words, you released her from treatment and observation on July 22nd, 1958 ? A. Yes.
“Q. And in this report that you rendered, Doctor, you at that time felt that to summarize her injuries or disability, that she had sustained contusions of the thoracic vertebrae and an incomplete fracture of the left clavicle caused by auto accident, that’s the summary of her injury, isn’t it? A. Yes, sir.
“Q. And you also felt that no further treatment was anticipated or required? A. Yes.
“Q. Referring on with this report you felt that when you discharged her she had fifteen to twenty per cent disability? A. Yes, sir.”
Dr. Breazeale was the only treating physician, although for the purpose of evaluation to prepare for their testimony upon the trial of the case, Mrs. Kingrey was examined before March 25, 1959, the date of the trial, by Dr. Joseph A. Thomas on March 9, 1959, by Dr. W. H. Pierson on March 17, 1959, and by Dr. Ira L. Campbell, Jr., on January 15, 1959. The testimony of all but one of these doctors indicated an absence of objective symptoms and their examinations were negative of specific finding. Only Dr. Pierson testified he found some muscle spasm about the shoulder.
Counsel for appellant asserts it is significant the complaints of pain and tenderness as made to the several examining physicians, referred to different localized areas. Mrs. Kingrey complained to Dr. Breazeale of pain upon pressure over the ninth - through the twelfth thoracic vertebrae, and over the first and second lumbar vertebrae. To Dr. Thomas her complaints related to pain in the back to the rear of the chest and restricted to an area two inches long and one inch wide, and Dr. Pierson testified plaintiff complained of pain in the shoulder and the back of her neck and around the vertebral column. Dr. Campbell stated tenderness under pressure was complained of in the region of the third, fourth and fifth thoracic vertebrae.
Mrs. Kingrey testified that at the time of the accident she was not thrown into the windshield or door, but immediately after the impact of the collision she was seated *621 on the front seat in an upright position unable to move her head, and suffered severe pain in the region of her neck; that after the accident she suffered loss of sleep which later disappeared, but she was unable to say when this insomnia ceased. She further testified she had no headaches after the accident, but still felt back pain which she described as both “light and heavy”. As of the time of the trial she still complained of some pain.
We are of the opinion the more serious injuries sustained by plaintiff consisted of an incomplete fracture of the clavicle which went through a normal healing process, and possibly a mild sprain of the muscles of the lower region of the back. We find neither of these is of a permanently disabling nature to a compensable degree.
Appellant has earnestly complained that the award of the jury was excessive and that the judgment in this case should be reduced to the amount of the legal tender made to the plaintiff in advance of the trial, and directs our attention to awards made hy this court in Lampkin v. United States Fidelity & Guaranty Co., La.App. 1957, 99 So.2d 147; Paggett v. Travelers Indemnity Co., La.App.1957, 99 So.2d 173; Morton v. American Employers Insurance Co., La.App.1958, 104 So.2d 189; and Harvey v. Great American Indemnity Co., La.App.1958, 110 So.2d 595. None of the cited cases involves injuries similar to those sustained by plaintiff herein, but involve, with the exception of Morton v. American Employers Insurance Co., moderately severe cases of whiplash injuries to the cervical •vertebrae. Mrs. Kingrey did not suffer from the same type of injury, and, therefore, the cases are inapposite. For like reasons the cases referred to by counsel for ap-pellee are inappropriate. Morton v. American Employers Insurance Co., supra, and Lejeune v. United States Fidelity & Guaranty Co., La.App.1958, 105 So.2d 327 (the latter case cited by counsel for appellee), though not involving whiplash type injuries were concerned with serious emotional strain not found present in the instant case.
In our decisions we have repeatedly recognized that awards made in similar cases are to be considered by the courts so that within the limits permitted by a particular state of facts, a degree of uniformity will be maintained so far as possible and practicable to the end that awards may not be out of all proportion one with the other. See: Wainwright v. Globe Indemnity Co., La.App. 1954, 75 So.2d 554, 556.
This court also stated in Beck v. United States Fidelity & Guaranty Co., La.App.1954, 76 So.2d 120, 123, that there is no fixed basis, table or standard serving as an index or guide to the establishment of monetary awards in the nature of damages for specific personal injuries, and it was recognized that each case must be considered on the basis of its own factual circumstances.
From our study of the medical evidence, we are convinced Mrs. Kingrey did not suffer any severe bruises or contusions, and there is no objective evidence that she did; nor did she sustain a whiplash type of injury to the cervical vertebrae and muscles of the neck; nor did she have any sequelae following the accident such as headaches, emotional instability, nor any handicap from limitation of motion. The evidence discloses an incomplete fracture of the clavicle or collarbone, which healed in a normal manner within six to eight weeks. She sustained a strain to some muscles in her upper and lower back in the nature of a mild sprain, and we do not doubt she suffered considerable pain during the healing of the fractured collarbone, and she likewise suffered some pain from the back strain.
Consistent with these findings, we are of the opinion the judgment from which the appeal was taken is excessive and should be reduced to the amount of the legal tender made in advance of the trial, consisting of $3,500, with interest and costs to the time of the tender. All costs accruing after the tender was made are assessed against .the plaintiff, appellee.
*622 HARDY, J., dissents from that portion of the judgment reducing the award in favor of plaintiff.