LUTHER E. HALL, Judge pro tern.
This is a suit for damages for personal injuries brought by Mr. and Mrs. Frank Zito, Sr., against John Schneller, Jr., and New Amsterdam Casualty Company, his insurer, arising out of an automobile-pickup truck collision on June 20, 1958 on the Airline Highway in Jefferson Parish.
The District Court rendered judgment awarding Mr. Zito the sum of $5,000 for *170 his injuries plus an additional sum of $1,495.21 for medical expenses and awarded Mrs. Zito the sum of $3,750 for her injuries.
The defendants appealed and the plaintiffs answered the appeal praying that the judgment in favor of Mrs. Zito be increased to the sum of $7,500 and that the amount awarded to Mr. Zito be increased to the sum of $15,000 plus the medical expenses.
The facts of the accident present no particular problem. Mr. Zito was driving on the highway toward the city of New Orleans, accompanied by his wife, when the collision occurred near the intersection of Central Avenue in Metairie. The pickup truck driven by Edward Brooks, an employee of the defendant, Schneller, was likewise proceeding on the highway toward New Orleans. Brooks was driving in the traffic lane to the left of the Zito car and overtaking it. When he came abreast of the Zito car he suddenly swerved to the right and the vehicles collided.
There is some controversy with regard to the force of the blow, Brooks claiming that his right front fender barely sideswiped the left front fender of the Zito car, while Mr. and Mrs. Zito testified that the blow was severe. In fact they testify that the force of the collision in some manner caused the right front wheel of the pick-up truck to mount the left front fender of the Zito vehicle causing damage to the fender and hood and knocking the car to the side of the road, causing the door on Mr. Zito’s side to spring open throwing Mr. Zito to the ground.
In his written reasons for judgment the District Judge said:
“The Court is of the opinion that Mr. and Mrs. Zito told the truth.
“Mr. and Mrs. Zito testified that the truck landed on the hood of their automobile. It is exactly what they believe happened.
“The plaintiffs are innocent -Victims of a careless driver.”
These findings and conclusions of the District Judge find support in the record and we find no manifest error therein.
The principal question presented on appeal concerns the nature and extent of the injuries sustained by the plaintiffs, particularly those sustained by Mr. Zito.
While he reported no cuts or bruises to the police at the time of the accident he was severely shaken up both physically and emotionally. On reaching home he became nauseated, vomited and couldn’t eat. He vomited again the next day. His shoulders, back and chest pained him and he became extremely nervous. In addition to his own condition he was much concerned about his wife’s injuries. However, he refused to seek medical attention. He developed a tickling, choking sensation in his throat and finally on July 2nd consulted a throat specialist who prescribed a spray for his throat'. On July 10th while accompanying his wife to see Dr. S. C. Garcia, Jr., the physician who was treating her injuries, Mr. Zito had a coronary occlusion. Dr. Garcia had him hospitalized under the care of Dr. Lawrence G. Bole, a heart specialist, who found that he had suffered an acute posterior myocardial infarction. Mr. Zito remained in the hospital until July 26, 1958, and subsequently remained a bed patient at home until October 15, 1958, when Dr. Bole permitted him to return to work as a salesman. He attempted to work in October but was unable to resume his occupation until sometime in December, 1958. Mr. Zito testified that he was still experiencing pain and discomfort at the time of the trial some two years later.
The bulk of the record is made up of the testimony of medical experts on the-question of whether there exists a causal connection between the accident of June 20, 1958 and the heart attack which occurred on July 10, 1958 — twenty days later.
*171 Drs. Lawrence G. Bole and Robert C. Kelleher testified for the plaintiff. Drs. George E. Burch and Sam Nadler testified on behalf of the defendants. All are heart specialists.
All experts agreed that a heart attack such as Mr. Zito had can be, and frequently is, caused by emotional trauma and all agreed that such an attack is more apt to occur to those in Mr. Zito’s age bracket. He was 69 at the time of the accident.
When asked whether in his opinion Mr. Zito’s heart attack on July 10 could reasonably be said to be causally connected with the accident of June 20, Dr. Bole would not go further than saying that there was a possible connection.
Dr. Kelleher was emphatic in saying in his opinion there was a reasonable causal connection between the heart attack and the emotional and psychological state produced in Mr. Zito by the accident and the series of events occurring thereafter. It was his opinion that the attack was more likely to have been caused by the accident than not. He was also of the opinion that an infarct may occur at any time up to four weeks after occurrence of the precipitating cause.
Dr. Burch’s testimony was based upon his review of the hospital and other records pertaining to Mr. Zito’s case. These records do not reveal Mr. Zito’s condition between June 20 and July 10. His opinion based on this review was that he could not see any definite evidence that the heart attack was associated with the accident. However, on cross-examination after the events occurring between June 20 and July 10 were related to him, he was asked:
“ * * * is it not consistent with your testimony that the continual emotional build-up could precipitate twenty days later into the final attack ?”
and his answer was:
“If that is what happened, that’s true. It would be possible but I didn’t see that was true. If that happened, it is possible to tie the relationship together. I didn’t see the evidence for that kind of emotional build-up in the record that I saw.”
Dr. Nadler’s opinion can be summed up by the following answer:
“I don’t think that a traumatic episode separated 20 days from the onset can causally be related to the development of a heart attack.”
He was emphatic in the opinion that a heart attack cannot be connected with a traumatic episode occurring over two weeks prior thereto.
It seems that the only disagreement between the medical experts is whether a heart attack twenty days after the accident could reasonably be said to have resulted from the accident though all admit its possibility.
In this situation resort must be had to the other testimony concerning the age and personality of Mr. Zito, the nature of the collision and the events which succeeded it. Here we have a person of excitable temperament having the arteriosclerosis due to his advanced years who suffered a severe emotional trauma produced by the accident and which was thereafter aggravated not only by worry over his own condition but by concern over the injuries received by his wife. In our opinion it was not manifest error for the District Judge to conclude that the accident itself coupled with the events caused thereby combined to provoke a delayed heart attack.
With regard to Mrs. Zito’s injuries the testimony is that she was thrown about in the car, striking her head, shoulders and side. She later became highly nervous, complained of shortness of breath and could not sleep for pain. On June 26th, 1958 she consulted Dr. Garcia who found that she had soreness over the cervical vertebrae in the neck, back and thorax and that she had muscle spasm of the back and neck. *172 Dr. Garcia noted her extreme nervousness and treated her for that and muscle spasm. He prescribed a corset for her which she wore continually for ten months and which she has been wearing intermittently ever since. Mrs. Zito testified that her extreme nervousness has persisted to the date of the trial and that she has been continuously under Dr. Garcia’s care. However, how much of this nervousness can be attributed to the accident is problematical.
We do not consider that the amount of damages awarded to Mr. and Mrs. Zito should be interfered with, the same being neither inadequate nor excessive.
For the above reasons the judgment of the District Court is affirmed.
Affirmed.