TATE, Judge.
On a sunny May morning in 1961, an automobile driven by Mrs. Carlos Haynes collided with a pickup truck driven by Mrs. Earl Savage. By this suit, Mr. and Mrs. Savage seek to recover for the damages resulting from the accident. The defendants are Mr. Haynes and his liability insurer.
The defendants appeal from judgment in favor of plaintiffs. The primary issues of this appeal are factual.
Able counsel for the defendants-appellees contends that the accident resulted when the plaintiff Mrs. Savage turned left suddenly and without warning on the open highway in Mrs. Haynes’ path, so that Mrs. Savage’s negligence in making this imprudent and unsignaled left turn constituted a proximate cause of the accident barring recovery by the plaintiffs.
On the other hand the plaintiffs-appel-lees contend, and the trial court held, that the accident occurred as follows:
Three vehicles were proceeding northward on the open highway just outside of Oakdale. The first was a pickup truck driven at 45 mph by Mrs. Savage, who was returning to her home in Glcnmora about ten miles away. She was followed closely (j/3 car lengths) by a Buick driven by the witness Rennick, who had followed the Savage truck at the same speed for approximately one-half mile before the accident. The third was a Pontiac driven by Mrs. Haynes at a faster speed, who drove *287 up from behind and attempted to pass the other two cars.
Mrs. Haynes, however, did not observe an oncoming’ southbound car in the other lane driven by Burge, who was forced to take to his right shoulder to avoid being struck by Mrs. Haynes’ encroachment into his lane after she swiftly drew out to pass the two cars. Mrs. Haynes then pulled suddenly back into her own lane, but the front of her automobile caught the left rear of the Savage truck as she did so.
Thus, as the Burge car went by, half on the shoulder, the front of the Haynes vehicle caught the left back corner of the Savage truck and whirled it leftward around and across to its left (the west) side of the road into a ditch.
Until the Savage truck was hit by the Haynes car, it did not leave its own right lane. Mrs. Savage testified positively that she had no intention of turning into the narrow driveway of a small country grocery store on the left side of the highway. She had never traded at this store, which was about ten miles from her home, and we like the trial court find it highly unlikely that she would have, without slowing from her speed of 45 mph, suddenly turned left aiming for the relatively narrow driveway across the highway ditch, especially with the oncoming Burge car within feet of her.
The positive testimony of Mrs. Savage, Burge, and a passenger in Burge’s automobile supports this version of the accident
Pelt, the owner of the grocery store on the west side of the road, also corroborates this version of the accident, in that he saw Burge suddenly take to his right shoulder to avoid the Haynes car, which had encroached into Burge’s lane in its imprudent attempt to pass both the Savage car and the Rennick Buick in the face of this oncoming traffic. In addition, Pelt testified that immediately after the accident Mrs. Haynes had made an admission against interest, when she stated that she had seen she was not going to be able to pass the Savage truck without colliding with the oncoming Burge vehicle, so that she had been forced either to hit the oncoming car head-on or else to hit the truck.
Accepting as truthful Mrs. Haynes’ positive testimony that there was no oncoming Burge car and that she did not intend to' pass the Savage truck when it turned left, the position of her able counsel apparently is that Burge, his passenger, and Pelt, all’ perjured themselves in corroborating Mrs-Savage’s version of the accident.
However, despite searching cross-examination, and despite the circumstances, which the defendants-appellants contend make their testimony suspicious, we agree with the trial court that the testimony of these witnesses appears to show no evidence of bias and appears to be more accurate and probable and the result of a closer attention to the circumstances of the accident, than does the opposing testimony of Mrs. Haynes and the two Rennicks-(who were in the Buick being passed by-Mrs. Haynes at the time of the accident) relied upon by the appellants. (As the trial court noted, the accident happened so quickly, that the two Rennicks almost certainly just glimpsed the Savage truck veering leftward after it was struck by the Haynes Pontiac; they also showed themselves to» have been somewhat unobservant of the details of the accident and its aftermath,, believing, for instance, that a man driver had been in the pickup truck as well as Mrs. Savage.)
The physical results of the impact on-the two vehicles are consistent with either version of the accident — that is, that the-left rear of the truck was struck by the front of the Haynes Pontiac, either (as Mrs. Haynes testified) as the truck angled leftward, or else (as Mrs. Savage stated)as the Pontiac angled rightward into the-truck in a hasty attempt to return to its-own traffic lane. The evidence further shows that the debris resulting from the-accident had largely been removed from the- *288 road or disturbed by oncoming traffic before the investigating state police officer arrived so that he could not accurately place the lane of impact.
As remarked in Jenkins v. Audubon Ins. Co., La.App. 1 Cir., 110 So.2d 221, 224:
“It suffices to remark, without detailed discussion, that we are unable to say from the record that plaintiff’s witnesses showed bias or that their testimony is improbable or inconsistent with the physical circumstances surrounding the accident; and that the factual conclusions of the District Court herein as to the accident will be affirmed in accordance with the well settled principle that factual determinations of the trial court should not he disturbed upon review in the absence of manifest error. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707; Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916, certiorari denied.”
Following rendition of the judgment, defendants-appellants moved in the trial court for a new trial on the ground, inter alia, that they wished to take the testimony of a passenger in the Rennick car. On this appeal, it is urged that the trial court should have exercised its discretion under LSA-C.C.P. Arts. 1971 and 1973 to .grant a new trial.
The deposition of the Rennicks taken before the trial, as well as counsel’s motion, show that the existence of this witness was known at the time of the trial, although no attempt was made to take his testimony or to secure a continuance to do so. It is also suggested that the matter should be re-opened so that the Rennicks could testify in person, instead of by depositions, ■even though these depositions were in fact introduced by the defendants, since the Rennicks are Texas residents and could not have been subpoenaed to testify in Louisiana proceedings.
We find no abuse of the trial court’s discretion by his refusal to grant a new trial for such reasons.
As to quantum, the defendants-appellants contend that the award of $3,-000 to the co-plaintiff wife is excessive, while the plaintiff-appellee in brief suggests that it is insufficient.
Aside from bruises and contusions, the chief injuries sustained by this lady consisted of an incomplete linear fracture in the projection (the “coracoid process”) of the shoulder blade to which the muscles are attached, and an incomplete separation of the joint (“acromioclavicular”) between the collar bone and the point of the shoulder. Initially this was relatively painful, but by a month after the accident the patient had regained 75% of the use of her shoulder.
As of the trial, eight months after the accident, there was still a mild disability resulting from the mild instability of the acromioclavicular joint, causing some limitation of motion and pain on lifting or on reaching overhead. The prognosis was that this disability would be cured without residual within six additional months; although in 3 to 5 out of 100 medical cases of this nature, surgery is necessary to end the disability.
For these personal injuries, including the slight possibility of surgery, the trial award of three thousand dollars is neither manifestly excessive nor manifestly insufficient. See, e. g., Kingrey v. Fire Association of Philadelphia, La.App. 2 Cir., 117 So.2d 619.
The special damages for property damage and medical expenses, etc., awarded to the plaintiff husband are substantiated by the record.
For the above and foregoing reasons, the judgment of the trial court is affirmed at the cost of the defendants-appellants.
Affirmed.