TATE, Judge.
This suit arises from an overtaking accident. A collision occurred between the plaintiff Fontenot’s automobile and a car driven by Regile Bordelon. Fontenot sues Bordelon’s liability insurer for the damages thereby sustained.
The trial court dismissed the plaintiff’s suit, holding that Fontenot’s contributory negligence barred his recovery, even though it was also held that Bordelon was likewise negligent in cutting too swiftly in front of Fontenot while passing. (In a companion suit, the trial court therefore held the defendant liable to Fontenot’s wife, who was a passenger in his car at the time of the accident. Smith v. Southern Farm Bureau Ins. Co., 164 So.2d 647.)
The plaintiff appeals from the dismissal of the present suit.
The accident took place on a state highway within the city limits of Mamou during daylight hours. There was no other traffic on the street at the time.
Bordelon, the defendant’s assured, was following and overtaking Fontenot. Borde-lon and his wife testified that, prior to the passing operation, Fontenot, a rather elderly driver, was weaving in his lane and occasionally across the center line.
Bordelon drew into his left lane, passed Fontenot, and attempted to return to his own lane. The accident occurred as Borde-lon cut back to his own lane. His right rear bumper caught Fontenot’s left front fender, *655 causing Fontenot’s car to go into a ditch to his right.
The impact took place at or near the center line of the highway. Bordelon and his wife were of the opinion that Fontenot struck their car while it was still in the passing lane, although they could not actually observe the rear of their vehicle at the time. However, the three occupants of the Fonte-not car, together with a witness standing at the side of the road, testified positively that the Fontenot car was still in its own lane at the time of the impact. Further, according to the investigating police officer, some dirt, apparently knocked loose from one of the vehicles, was in the Fontenot lane following the impact, within a foot of the center line.
The preponderance of the evidence thus indicates that the impact occurred just as the rear of the Bordelon vehicle crossed the center line in its return into its own lane from the passing lane.
Under these facts, Bordelon’s negligence was undoubtedly a proximate cause of the accident. As stated in the Annotation, Passing Vehicle—Cutback, 48 ALR 2nd 232, 233, “a driver overtaking and passing, on the left, another vehicle traveling in the same direction, is under a duty to at least exercise reasonable care to sufficiently clear the overtaken vehicle before returning to the right-hand side of the road.” See also: Thornton v. F. Strauss & Son, Inc., 240 La. 455, 123 So.2d 885; Savage v. Haynes, La.App. 3 Cir., 146 So.2d 285; Zito v. Schneller, La.App. 4 Cir., 133 So.2d 169.
A closer question is presented as to whether Fontenot’s contributory negligence contributed to the accident. The trial court held that the impact occurred when Fonte-not “simply weaved a little bit” and was weaving across (towards) the center line at the time of the accident. In the trial court’s opinion, Fontenot’s erratic driving contributed to the accident.
The general rule is that the preceding vehicle owes no duty to the following motorist “ ‘except to use the road in the usual way in keeping with the laws of the road, and until he has been made aware of the presence of such rear car by signal or otherwise, he has a right to assume that there is no other vehicle in close proximity in his rear, or, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner.’ ” Billiot v. Noble Drilling Corp., 236 La. 793, 109 So.2d 96, 98, and cases cited therein; Foster v. Phoenix Ins. Co., La.App. 1 Cir., 146 So.2d 647. (This rule is qualified, of course, when the preceding driver is on a city street or other place where frequent traffic may reasonably be expected, in which case he must exercise such care as required under the circumstances for traffic in his rear. Cf., Roberson v. Rodriguez, La.App. 2 Cir., 186 So. 853, 856.)
The evidence is conflicting as to whether Bordelon sounded his horn before attempting to pass Fontenot. Bordelon and his wife testified that he had done so, while the other witnesses denied that the horn had been blown. The trial court made no express finding as to this fact; but it did accept the Bordelon testimony that the Fonte-not car was weaving prior to and at the time of the impact—in which event it is more probable than not that the positive testimony that the Bordelon horn was sounded is correct.
Under all of these circumstances, we find no manifest error in the trial court’s finding that Fontenot’s own negligence contributed to the accident, such negligence consisting of Fontenot’s erratic driving and his weaving towards the center line when Bordelon was in the process of passing, and after Bordelon had sounded his horn.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.