AYRES, Judge.
This is one of the companion cases of Dowden v. State of Louisiana, La.App., 81 So.2d 48, and for the reasons therein assigned, defendant should respond in damages for whatever injuries, pain and suffering plaintiff sustained.
This plaintiff was awarded $4,500 for personal injuries allegedly sustained by him. He was the driver of the second automobile which plunged into the creek where the bridge had been removed. He complained of considerable pain in his chest, where he was probably struck by the steering wheel, as well as of considerable pain in his lower back. He has continuously complained of nervousness and backaches. He lost about four months from work.
Apparently, the first time plaintiff sought medical attention was on January 13, 1945, when he called upon Dr. O. L. Sanders, who, from examination, found a marked tenderness over the area of the fifth lumbar vertebra, with marked involuntary muscle spasms of the lumbar muscles and pain in the area of the lumbar spine. The doctor’s conclusion was that plaintiff had sustained an injury to the lumbar area of his back attributive to the accident in which plaintiff was involved on December 23, 1944. Dr. Sanders examined plaintiff again November 23, 1952, when he also found tenderness in the region of the fourth and fifth lumbar vertebra with some sensory disturbance on the outer aspect of his left thigh, which, he states, was most probably caused by pressure on the nerves at the point of exit from the spinal column. From this, he reasons there was, in all probability, an injury to the intervertebral disc in the region of the fourth and fifth vertebra. The resulting disability, he explained, was not on a continuous basis except as to a small percentage, but with strenuous exercise would develop to a degree total in character. At the time of his last examination, the doctor estimated plaintiff’s disability at 15 percent.
While Dr. Boyce testified from an examination made in 1952 that he found no evidence of a ruptured disc and that if plaintiff had sustained such an injury he would have been most assuredly compelled to have had medical attention in the meantime, it was admitted by the doctor, however, that diagnosing an injury to an inter-vertebral disc was a technical undertaking requiring extensive examination and that he could not be certain plaintiff did not sustain such an injury. X-rays taken showed no injuries whatsoever. Not having examined plaintiff for seven years, the weight of Dr. Sanders’ testimony in associating plaintiff’s present disability with the accident of 1944, is considerably weakened. During the four months that plaintiff was off from work, the record does not disclose that plaintiff had medical attention but the one time.
The evidence does not disclose the loss of any further or additional time from work. Neither does the testimony reveal that plaintiff’s condition required medical treatment or consultation with physicians from 1945 to 1952, or for a period exceeding seven years. It would be placing a strained construction on the evidence to conclude, under the facts and circumstances of this case, that all the complaints and ailments with which plaintiff claims to be suffering originated from or were caused by the accident of 1944. Certainly, such has not been established by that reasonable preponderance of the evidence and to that degree of certainty as required by law. The evidence, however, is convincing that plaintiff did sustain injuries, pain and suffering on account of and arising out of the accident and that he suffered discomfort and inconvenience for a considerable time, as well as inability to *61 immediately resume the duties of his employment. A careful consideration of the entire record leads to the conclusion that $1500.00 is sufficient to amply compensate plaintiff for the injuries and damages sustained.
Accordingly, the judgment appealed is amended by reducing the award to $1,500, and, as thus amended, is affirmed. Plaintiff is taxed with the cost of this appeal.
Amended and affirmed.