McBRIDE, Judge.
The plaintiffs seek to recover from the defendant the amount of their damages sustained as a result of an intersectional collision between two automobiles which occurred within the intersection of Prytania Street and Napoleon Avenue on the rainy evening of February 8, 19S6, at about 8 o’clock. The movement of traffic at the locus in quo is controlled by the conventional green-amber-red semaphore signal light. The cars crashed at about midway of the intersection formed by the traffic lanes in which the respective vehicles were moving, the front of the Thomas car striking the right-hand side of Rosenthal’s vehicle. Thomas had been driving on Prytania Street in a downtown direction, while Rosenthal was traveling on Napoleon Avenue in the direction of the Mississippi River.
After a trial of the case on the merits, the court below found that the accident occurred as a result of the negligence of defendant. The judgment rendered in the *556 case awards $1,050 to Mrs. Thomas for personal injuries and $421 to her husband for personal injuries and property loss. Defendant’s reconventional demand was dismissed. Defendant has appealed.
The negligence vel non of defendant has passed out of the case, as his counsel frankly admitted in argument that Rosen-thal negligently attempted to cross Pry-tania Street in the face of a red light and that Thomas’ car, which came from his right, was moving in accordance with the proper green light signal. The only assignment of error urged by appellant for a reversal of the judgment is based on the plea that both Thomas and his wife were guilty of acts of negligence which contributed to the accident of such nature as to bar any recovery on their part. It is argued that Thomas failed to maintain a proper lookout and also failed to notice the approach of the Rosenthal car on Napoleon Avenue. Counsel on behalf of Rosenthal take the position that even though Thomas had the right of way by virtue of the green light upon which he was traveling, he, nevertheless, was under the duty of being alert and was bound to notice 'the approach of any vehicles there may have been on Napoleon Avenue, and whereas Thomas admits he was oblivious of the Rosenthal vehicle, he must be held to be guilty of contributory negligence.
The facts are that Thomas was driving at not more than 20 miles per hour and the defendant entered the intersection at a speed of between 30 and 40 miles per hour. Defendant underestimates his speed when he states he was moving at from 25 to 30 miles an hour. According to his testimony, just before reaching the intersection Thomas looked but saw no vehicles approaching from his left on Napoleon Avenue, and that it was not until after he entered the intersection did he notice out of the corner of his eye an automobile approaching Prytania Street at a rapid rate of speed. Thomas states he swerved his car 'to the right and applied his brakes in an effort to avoid colliding with this car, but, of course, these measures were unavailing and his vehicle crashed into Rosen-thal’s.
Thomas had the legal right of way to make the crossing in view of the favorable signal light facing him, and we cannot say he did not do everything that a prudent and alert motorist should have done upon coming to and entering the intersection. He looked but saw nothing coming from his left, and it was not until he had gotten out into the intersection he caught the fleeting glimpse of the Rosen-thal car coming at an excessive rate of speed. He then did what he deemed most expedient to avert the accident. Thomas’ failure to observe Rosenthal’s car when he first looked can reasonably be attributed to the fact that it must have been a considerable distance from the intersection and that it traversed such distance by the time Thomas was attempting the negotiation of the crossing. We do not think Thomas was required either to keep looking to his left or to anticipate that Rosenthal would come speeding into the intersection in the teeth of the red light. See Bartholomaus v. H. G. Hill Stores, Inc., La.App., 97 So.2d 82; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292.
There is some hint that Thomas was under the influence of alcohol, but nothing in the record indicates that the cocktails which he and his wife had with their friends at his home had the effect of affecting his ability to properly handle the automobile on their way to the downtown restaurant. Also some mention was made of the fact that Thomas’ automobile, which was of the convertible type, had some additional equipment added thereto which gave it the ability of attaining a speed greater than normal, and that this “souped-up” condition of the car somehow played a part in the accident. There is no validity to this argument, as it appears Thomas was driving well within the legal speed limit.
*557 The plea of contributory negligence against Mrs. Thomas is, to say the least, most unique. She sat on the front seat alongside her husband and is charged with not keeping a proper lookout. We must confess we are not cognizant on any law or regulation which requires that a passenger in an automobile keep any forward lookout. It is also said that Mrs. Thomas exposed herself to the injury because she sat in a sideways position talking to some friends in the rear of the car. It is contended that had she been facing forward with her feet solidly implanted on the floor of the car, she would not have been injured. This is pure conjecture on counsel’s part. Moreover, we are unaware of any prohibition against a guest in an automobile turning her head to converse with other persons riding in the rear of the car. We fail to understand how it could be said that any act or acts of Mrs. Thomas contributed to the accident or her injuries.
Defendant is a man in very modest financial circumstances. His trade is that of plasterer. At the time of the trial he was employed in Baton Rouge, where he resides with his wife and two children, and his annual income aggregates about $2,-500. His only assets of pecuniary value are an equity in his home and about $400, represented by deposits in a savings account at his bank. We are urged to take this financial condition of the defendant into consideration in assessing damages in the case. However, we find from the record that in rendering his judgment the trial judge considered the poor financial status of the defendant and made considerable reduction in the awards for the personal injuries inflicted upon plaintiffs. Thomas’ judgment was for $421, which represents damages to his automobile, towage, medical expenses incurred, and only $50 for his personal injuries. Each of the items seems to be adequately proven. Mrs. Thomas recovered $1,050 for the bodily injuries she sustained, which consisted of minor lacerations about the face and forehead, a rather serious cut on the lid above her right eye, and bruises and abrasions to her right leg. She required emergency hospital care and her eyelid was sutured. Afterward she made five visits to see her physician. She unquestionably suffered pain as a result of the accident, was confined for more than a week after the accident, and appears to have been unable to perform her normal household duties for some weeks thereafter. At the time of the trial, more than four and one-half months subsequent to the collision, she still experienced a stiffness in her leg. The trial judge noted a somewhat disfiguring scar above her eye. Even in the light of the testimony regarding Rosenthal’s inability to respond to any substantial judgment, we do not believe that Mrs. Thomas’ award can be said to be excessive or unjustified.
Therefore, the judgment appealed from is affirmed.
Affirmed.