LOUIS H. YARRUT, Judge ad hoc.
These consolidated suits result from a highway collision. In one suit Mr. and Mrs. Charles W. Miller sue Stanborg Billiot, Magdaline C. Madrigal, Noble Drilling Corporation, and the latter’s insurer, Aetna Casualty and Surety Company. The other suit is by Mr. and Mrs. Stanborg Billiot, individually, and on behalf of their two-year old daughter, Louella Billiot, against the same Noble Drilling Corporation and its insurer.
The accident occurred in the rain, August 27, 1955, about 6:45 a. m. on Barataría Boulevard, Jefferson Parish, near Crown Point, Louisiana, on Highway No. 45. The facts are these:
Mrs. Miller was driving the community automobile. When she came to a stop or had slowed down to eight or ten miles (after giving the hand-signal and the automatic rear-light flash) to enter her home on the highway, she was struck in the rear by the Billiot automobile which was trailing behind 50 feet, going 50 miles per hour, and pushed ahead six feet. A few seconds thereafter the Billiot car was struck from the rear by the Noble Drilling Corporation car, being driven at the time by its employee, Magdaline C. Madrigal. As a result, the Billiot car was rammed into the Miller car and both pushed a distance of about 80 feet.
While the Billiot car was negligent in following the Miller car at a distance of 50 feet at a speed of 50 miles an hour, and would have been responsible for any damage to the Miller car or its occupants, both the Billiot and the Miller cars were at rest, without damage, when the Billiot car was rammed from the rear by the Drilling Corporation car.
There was judgment in the District Court holding the Drilling Corporation’s car solely responsible for all property damage to the Miller car, as well as for the personal injuries to the Millers, and also property damage to Billiot’s car, but denied recovery to Mr. and Mrs. Billiot individually but did allow damages to Billiot for the use and benefit of his minor daughter.
With respect to the situation between Billiot and the Drilling Corporation automobiles, they both.were guilty of negligence which contributed to the accident, so that neither can recover from the other. However, the negligence of Billiot clearly cannot be imputed to his wife nor to his child.
In the Billiot matter, Mrs. Billiot’s para-phernal claim for personal injuries was rejected; Mr. Billiot, individually, was awarded damages to his automobile, medical expenses, and disallowed damages for personal injuries. For the use and benefit of his minor daughter, he was awarded $12,000. *571 The allowance of $345 to the intervenor, Motors Insurance Corporation, under its subrogation, is not in dispute.
Defendants in both cases have appealed. Plaintiffs, Mr. and Mrs. Miller, have answered the appeal, praying for an increase in the awards. Mr. Billiot answered the appeal individually and on behalf ■of his minor child. Mrs. Billiot did not appeal from the dismissal of her claim, but, by answer to the appeal, prayed for amendment of the judgment so as to allow her claim for personal injuries. Since no appeal was or could be taken by the defendants in their favor against her, and since she did not take an appeal, her answer is ineffective to bring her before this Court.
 Respective counsel for all defendants contend his driver acted in an emergency. The jurisprudence is clear that, if one acts in an emergency, he is exonerated for any ensuing damage, unless the emergency was created by his own negligence. If unable to escape, he cannot be heard to invoke the emergency doctrine. Peranio v. Superior Insurance Company, La.App., 76 So.2d 315. It is equally well settled that the operator of a motor vehicle should not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed thereof, the existing conditions of the highway and the congestion of traffic thereon. Kottwitz v. Highway Insurance Underwriters, La.App., 92 So.2d 79; Benenate v. Brooks, La.App., 95 So.2d 757; LSA-R.S. 32:234.
Here the highway was straight-away, wet, no congestion of traffic, and it was raining. Had the Billiot car not been on the scene or involved in the accident, instead of crashing into the Billiot car, the Drilling Corporation’s automobile would have directly crashed into the Miller car.
Accordingly, the District Court was correct in holding that the sole and proximate cause of the resulting property damage to the Miller car and personal injuries to them and to the guests in the Billiot car was due solely to the negligence of the Drilling Corporation’s car.
The Billiot car, as it relates inter sese to the Drilling Corporation car, was guilty of negligence which contributed to the accident and Billiot cannot recover since his sudden stop was created solely by his own negligence in following the Miller car at such speed and distance.
With reference to quantum, in the Miller case the District Court allowed $481.70 for medical and drug expenses, which is correct. The allowance of $750 for future medical expenses, is not justified by the evidence and must be disallowed. The $62.12 allowance for property damage to the Miller automobile is not questioned.
The allowance to Mrs. Miller of $1,500 for personal injuries, pain and suffering is in order, but the award of $1,500 for future disability is without supporting evidence, and will be disallowed. The District Judge found, and we fully agree, that the injury received by Mrs. Miller was more or less minor in its nature. Dr. Henry La-Rocca found that Mrs. Miller was suffering from some emotional instability which could not be attributed to the accident but was associated with childbirth and the menstrual cycle; that the accident caused only a temporary aggravation.
In the matter of Mr. and Mrs. Stan-borg Billiot, individually, and in behalf of their minor daughter, who was riding with them at the time, the District Judge allowed Mr. Billiot $675, damage to the automobile, and $25 medical expenses, as prayed for. These two items must be disallowed because of Billiot’s contributory negligence. There was further judgment in his favor, for the use and benefit of his minor child, in the sum of $12,000, and he prays for an increase to $20,000.
The principal, if not the sole injury, suffered by the Billiot child was a scar on her upper forehead about an inch and a quarter *572 long. The nature, extent, treatment and prognostic residual of the scar is better summed up in the following testimony of Dr. Sam Logan, who treated the youngster:
“Q. What have you to say as to whether the scar is disfiguring from a cosmetic standpoint ? A. I think there is a little disfigurement and I doubt that any improvement could be made over it with any further surgery.
“Q. You do not believe that plastic surgery could do any better? A. I don’t think so.
“Q. As a matter of fact, where you sutured it, it was what, the way that plastic surgeons suture scars? A. Correct.
* * * * * *
“Q. What about the discoloration with relation to the type of skin? Is there any radical or bad discoloration? A. I think the coloration is in keeping with the olive skin of her normal skin.
% * # * ‡
“Q. Actually, Louella has not reached the full growth of size at this time. As she grows larger will the scar over the forehead area increase somewhat? A. She will probably grow but the scar will not.
“Q. Would a change in appearance occur ? A. If any, it should get better.
* sfs * * * *
“Q. Would you have any objection to measuring the scar on her forehead now for the record so we will all know exactly how long it is? A. No, I have no objection.
* # * * * *
“It measures about an inch and 'a quarter.
* * * * * *
“Q. What I am trying to get at, the skin grows but the scar doesn’t. Would that not make the scar change the color somewhat? A. I don’t think that scar is going to change in color a bit. I think it is as blanched as it will get. * * *"
As the scar is on the forehead, and pulchritude is one of the prime attributes of the female, the youngster will be more affected when she grows to womanhood than would a young man. However, awards for injuries far more extensive than the injury suffered by the Billiot child have been much less than the amount allowed by the District Judge.
In the recent case of Higginbotham v. Frazier, La.App., 92 So.2d 89, the Court awarded damages of $4,500 and $3,500 respectively for injuries sustained by boys, six and five years of age, consisting of multiple injuries, including extensive facial! scars and lacerations. In Stroud v. Standard Acc. Ins. Co., La.App., 90 So.2d 477, an award of $2,500 was allowed to a seventeen; year old girl who sustained, among others,, injuries to her forehead and face and a portion of her left eyelid torn away resulting in inability to achieve closure of the eye and a pronounced scar on the eyelid. In Mitchell v. State, La.App., 81 So.2d 62, an award of $1,500 was reduced to $750 to another young lady about seventeen years of age who received a laceration on her forehead just below the hairline which left scar about one-half inch long.
Under the circumstances, the award in this case for the use and benefit of the minor child should be reduced to $1,500.
For the reasons assigned, the judgment appealed from in case No. 21050 of the docket of this Court is amended to the extent of disallowing the claims of Charles-W. Miller of $750 for future medical expenses, and Mrs. Charles W. Miller $1,500 for future disability; as thus amended and in all other respects that judgment is affirmed; all costs to be paid by defendants,. Noble Drilling Corporation and its insurer, Aetna Casualty and Surety Company.
*573 And in case No. 21007 of this Court the judgment appealed from, insofar as allows any recovery to Stanborg Billiot, individually, is reversed; and insofar as said judgment allows Stanborg Billiot, on behalf of his minor daughter, Louella Billiot, $12,000 for her personal injuries, the same is hereby amended so as to reduce the award to $1,-500; in all other respects that judgment is affirmed; all costs to be paid by defendants.
Reversed in part; amended and affirmed in part.
JANVIER, J., absent.