GLADNEY, Judge.
This is an action by Roy Simmons to recover damages for personal injuries for the use and benefit of his minor child, Gloria Simmons. Gloria Simmons was a guest passenger in the same automobile with Mrs. Nora Bryant, which vehicle was involved in a collision at the intersection of Louisville Avenue and Walnut Street in the City of Monroe, Louisiana, on August 13, 1956. The pertinent facts relating to the cause of the accident are set forth in a decision by this court, entitled: Bryant v. Ouachita Coca-Cola Bottling Company, Inc., La.App., 99 So.2d 152. (Certiorari granted Feb. 10, 1958). It was stipulated by counsel for the parties herein, the testimony reported in the Bryant case would stand in lieu of the retaking of evidence on the question of facts as to the occurrence of the accident and the negligence of the respective parties involved herein. In the reported case this court held the drivers of both vehicles involved in the accident were negligent. This resolution has so narrowed the issues there remains for our consideration only the question of quantum, including an inquiry into the extent, nature and duration of the injuries received by Gloria Simmons.
Gloria Simmons, a child of seven years of age, was seated on the back seat of the car driven by Mrs. Ila Bailey Simmons and when the two cars collided she was thrown out of the car onto the concrete pavement. Her injuries were not of a serious nature. She was taken to Dr. A. B. Gregory, Jr., who administered first aid and discharged her as not requiring further medical treatment. Dr. Gregory testified that upon his medical examination he observed bruises on the arm, knee, body, and hip and also a cut on the head which began at the site of an old scar in the hair and extended less than one inch below the hairline. Other testimony indicates that for several days after the accident the child was sore, nervous, and suffered from headaches. At the time of trial their remained a small scar on the forehead which the judge stated was hardly noticeable, but in all other respects Gloria had fully recovered.
The trial judge awarded the sum of $1,000, which we find to be excessive, and which, in our opinion, should be reduced to $350. Tyler v. Marquette Casualty Com *198 pany, La.App., 1955, 79 So.2d 376; Dowden v. State of Louisiana, La.App., 1955, 81 So.2d 59.
The judgment from which appealed is amended by reducing the award in favor of plaintiff to $350, and as so amended, the judgment is affirmed at appellants’ cost.
PER CURIAM.
Subsequent to our original judgment in this case application for rehearing was timely filed. Action thereon was held in abeyance pending judgment of the Supreme Court in a companion case decided by this court, Bryant v. Ouachita Coca-Cola Bottling Company, 99 So.2d 152, in which case the said court had granted writs of review. Our judgment in that case had affirmed the judgment of the District Court in favor of the plaintiff and against all defendants, namely Roy Simmons, Allstate Insurance Company, Ouachita Coca-Cola Bottling Company and American Employers Insurance Company. For reasons set forth in its opinion the Supreme Court reversed our judgment to the extent of rejecting plaintiff’s demands against the two last named defendants, Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919.
Pursuant to this decision we have granted the application for rehearing and it follows that we must conform our judgment to that of the Supreme Court in the cited case which arose from the same circumstances and involved the same parties defendant.
Accordingly our original judgment herein is recalled and set aside insofar as it affirmed the judgment appealed from in favor of plaintiff and against the defendants, Ouachita Coca-Cola Bottling Company and American Employers Insurance Company, otherwise it is reinstated and made final.
Costs of this appeal are taxed against Allstate Insurance Company, defendant-appellant.