CHRIS T. BARNETTE, Judge pro tem.
From a judgment awarding damages for personal injuries sustained in an automobile accident, the plaintiffs have appealed devolutively, seeking an increase of quantum. The defendants deny liability and have appealed suspensively, seeking a reversal of the judgment on the issue of negligence.
The suit stems from an automobile collision at a street intersection between a car driven by plaintiff Miss Edna Schwan-der and one driven by defendant DeQuincy J. Foster, insured by defendant Marquette Casualty Company. Mrs. Edna Mae Coop Schwander, also a plaintiff, mother of the other plaintiff, was a passenger in her *892 daughter’s car and sustained a minor injury. The case presents two questions, namely, one of fact involving negligence and proximate cause and the other, quantum of damages.
The accident in question occurred during a rain on February 5, 1962, in the late afternoon. Plaintiffs were proceeding on Frenchmen Street at the point of its intersection with North Villere in the City of New Orleans. Frenchmen is a right-of-way street and there is a stop sign posted on North Villere so indicating. It is alleged that the defendant DeQuincy J. Foster, traveling on North Villere, entered the intersection without stopping and that this negligence was the proximate cause of the collision. In answer, the defendants deny that Foster failed to stop before entering the intersection and that the negligence of Miss Schwander was the proximate cause in that she: (1) failed to keep a proper lookout, (2) drove at an excessive speed, (3) failed to see what she should have seen, and (4) had the last clear chance to avoid the accident and was negligent in not doing so.
There is no point in our discussing the facts in detail and the conflicting testimony which the trial court found against the defendants. Suffice to say, that while the defendant Foster testified that he did stop before entering Frenchmen Street, in our opinion the evidence points to a conclusion that he did not stop before proceeding across this right-of-way street. The trial court found Mr. Foster to have been negligent in this respect as alleged, and the testimony in the record clearly supports this finding. We agree that his negligence was the proximate cause of the accident.
The defendant Foster testified that he did not see plaintiff’s approaching car before the collision, and the first knowledge he had of its presence in the intersection was the impact itself. In his answer he alleged that plaintiff Miss Schwan-der was negligent, among other things, “in failing to see what she should have seen,” but admits his own failure in this respect. This we think was another element of negligence on his part. Central Louisiana Electric Company v. Hodges, La.App., 137 So.2d 132; Benoit v. Vincent, La.App., 132 So.2d 75; Hernandez v. State Farm Mutual Automobile Ins. Co., La.App., 128 So.2d 833.
We have considered defendants plea of contributory negligence and last clear chance and find them to be without merit. Furthermore, the trial court having found the facts to sustain a judgment against the defendant on the question of negligence and proximate cause, its findings will not be disturbed in the absence of manifest error. Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488; Fourchea v. Maloney Trucking and Storage, La.App., 88 So.2d 82; Holmes Company v. Foret, 229 La. 360, 86 So.2d 66; Olivier v. Abunza, 226 La. 456, 76 So.2d 528. We find the judgment of the trial court to be well supported by the testimony in the record.
We now turn our consideration to the subject of damages. There is no issue on the matter of property damage to Miss Schwander’s automobile, and the allowance of $240.65 for this item must be sustained. The same is true of the allowance of $24.65 for medical expenses of Miss Schwander and of $27.75 for medical expenses of Mrs. Edna Mae Coop Schwander. Plaintiffs contend that the award of $300.00 to each of them for personal injuries sustained in the accident is nominal and manifestly inadequate.
A review of the testimony reveals that Miss Edna Schwander is a single woman, aged 38, and employed as a secretary. The injuries sustained by her were not of a serious nature, but she was left with a permanent disfiguration from a laceration on her left forehead.
*893 The force of the impact caused Miss Schwander to strike her head against the steering wheel causing a superficial abrasion and a lacerated forehead. She was taken immediately to the emergency room at Touro Infirmary and was attended there by Dr. Miller. Dr. Miller described her injury as relatively minor. The abrasion was cleaned and dressed and the laceration sutured. She was given a tetanus booster and penicillin to counteract infection. She was not hospitalized but instructed to return in five days for removal of the sutures. She was then discharged. Her recovery was normal and except for the scar, about three-quarters of an inch in length, there was no permanent effect. At the time of the trial, one year and eight months after the accident, the scar was still visible and was observed by the trial judge.
Miss Schwander lost one full day from work (the day after the accident), and left early on one or two other days on account of discomfort, swelling and discoloration of the injured forehead. There was no loss of salary.
Mrs. Edna Mae Coop, identified as the divorced wife of Theodore Schwander and mother of Miss Edna Schwander, was even less seriously injured. Her injury consisted of a sprained ankle requiring no treatment other than application of an Ace bandage. She was advised to stay off her ankle as much as possible. When she returned on the fifth day, she was sufficiently recovered to be discharged.
The award of $300.00 to Mrs. Edna Mae Coop Schwander was, in our opinion, an adequate and just compensation for the pain and discomfort and minor inconvenience suffered by her as a result of the accident. By comparison, we think the award to Miss Edna Schwander was inadequate. She is a young woman, employed as a secretary in a business office, and the disfigurement from the laceration on her forehead, though relatively minor, is nevertheless of importance to her. She is entitled to some compensation beyond that allowed for pain and discomfort. We think an award of $1,000.00 would be a more just compensation for her.
For these reasons, the judgment appealed from is amended in favor of Miss Edna Schwander increasing the award in her favor for personal injuries sustained from $300.00 to $1,000.00. In all other respects the judgment appealed from is affirmed at defendants’ cost.
Amended and affirmed.