SAMUEL, Judge.
This is a suit for personal injuries and property damages resulting from a collision between two automobiles. Plaintiffs are husband and wife. The wife, driver of one of the cars involved, seeks a recovery for injuries suffered by her in the collision. The husband sues in his individual capacity for damages to his automobile and present and estimated future medical expenses. For the use and benefit of his minor son, he also seeks a recovery for injuries suffered by the boy in the collision. There are three defendants: the driver of the other car involved, her husband and their liability insurer.
After trial there was judgment in the district court in favor of plaintiffs and against the defendants. Defendants have appealed only from those portions of the judgment which award to the plaintiff husband $4,500 for the use and benefit of his son and, in his individual capacity, $245 for future hospital expenses for the boy. Appellants concede liability insofar as the accident was concerned but contend: (1) the award of $4,500 for the injuries sustained by the child is excessive; and (2) the need for future hospital expenses for the boy was not proved.
The boy was 3 years of age at the time the accident occurred. He was in the back seat and was thrown into the dashboard by the collision. He was bleeding profusely, required immediate medical attention and was taken from the scene of the accident to the office of Dr. James T. Reeves, the treating physician. The medical evidence in the record consists of the testimony of Dr. Reeves, a plaintiff witness, and a report made on behalf of the defendants by Dr. Neal Owens, a plastic surgeon who examined the child approximately 8 months after the accident.
The boy suffered a laceration which involved the upper outer corner of the lip on the right side, extended into the mouth and ran laterally a distance of about an inch. It was deep, going down almost into the mucous membrane of the mouth itself. The teeth had gone through the lip resulting in a full thickness cut which included the Vermillion and were loosened but not knocked out. There was a considerable amount of swelling and ecchymosis or discoloration to the tissue inside the mouth. The wound was cleaned and sutured with six stitches and a tetanus booster shot was administered. Subsequently the wound became infected and penicillin was required. The sutures were removed after seven days at which time the infection had cleared.
The child was seen for treatment by Dr. Reeves several times during the week following the accident, a week after the removal of the sutures and then again one month later at which time he was released from the doctor’s care, a total of six or seven occasions. He suffered pain for several weeks after the accident as a result of the injury and subsequent infection. He was unable to sleep well and had to be placed on a soft diet. The teeth tightened after several weeks.
*32 At the time of the examination by Dr. Owens, and at the time of the trial more than a year after the accident, there was jagged scarring of the mucous membrane of the right upper lip and there was still some hardness of the tissue in that area. There was a very roughened scar on the right upper lip, apparently approximately an inch in length, extending through the vermillion communicating with a jagged scarring of the mucous membrane. The upper half of the scar contained visible imbedded, blackish pigment giving a tatoo like effect. Both doctors were of the opinion that the imbedded foreign material causing discoloration should be surgically excised in order to be sure of removal.
Dr. Reeves and the trial judge were of the opinion that the scar was disfiguring. Dr. Reeves testified it would not “give” because of the lack of elasticity in that tissue and it is medically possible with the passage of time the tissues might not expand, resulting in more of a pulling and in an increasing of the disfigurement. However, Dr. Reeves suggested this as a possibility, in the sense that almost anything is medically possible, and not as a probability. Dr. Owens’ report does not mention either disfigurement or the possibility that the scar would become worse.
The only evidence in the record relative to the surgical excise of the imbedded foreign material is testimony by Dr. Reeves to the effect that such surgery will become necessary when the boy reaches a proper age and a portion of Dr. Owens’ report which states only that the surgery should be done and that the surgeon’s fee therefor would be $150.
The award of $4,500 for the injuries suffered by the child consists of $3,500 for pain, suffering and disfigurement and $1,-000 for future pain and suffering in connection with the surgery for the removal of the discoloration in the scar. The award in favor of the plaintiff-husband was in the total amount of $563.75, which includes $100 for property damages, $62.50, the child’s doctor’s bill, $6.25, the doctor’s bill for the plaintiff-wife, $150, the fee for the surgical removal of the imbedded foreign material in the child’s scar, and $245 for hospital costs in connection with that proposed future surgery for the child. As we have pointed out appellants object only to the last item of $245.
In considering the question of quantum we follow the doctrine enunciated in the Supreme Court cases of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64, and Ballanga v. Hymel, 247 La. 934, 175 So.2d 274, and confine our review to determining whether there has been an abuse of the “much discretion” vested in the trial court in assessing damages, considering similar and comparatively recent cases as relevant only for the purpose of determining whether there has been an abuse of that discretion.
The defendants have cited the cases of Barra v. Williams, La.App., 144 So.2d 741, McCrory v. Great American Indemnity Company, La.App., 92 So.2d 742 and Schwander v. Foster, La.App., 165 So.2d 891, as being similar to the instant case. But we find that Barra v. Williams, which held that the trial court judgment was correct, involved less injuries and disfigurement than that with which we are here concerned and McCrory v. Great American Indemnity Company actually awarded to the plaintiff all of the damages for which she had prayed for a scar on the cheek. While the award in Schwander v. Foster was increased to only $1,000, we also find that the injuries and disfigurement there were less than those involved in the instant case. We have also reviewed the cases of Bailey v. National Surety Corporation, La. App., 149 So.2d 669, Little v. Safeguard Insurance Company, La.App., 137 So.2d 415 and Scott v. Lumbermens Mutual Casualty Company, La.App., 134 So.2d 553.
In making the award of $3,500 for the child’s injuries in the instant case the trial *33 court relied on Scott v. Lumbermens Mutual Casualty Company. In the cited case the award was for $3,500 and involved, among other injuries, well-healed, fine-lined scars on the face of an 8 year old girl. In Scott the other injuries and the disfiguring scars were greater than those in the instant case and our jurisprudence tends to make higher • awards for disfigurement in girls than it does in boys.
Despite the fact that an award of $3,500 does appear to be somewhat high by comparison with the prior jurisprudence, we nonetheless conclude that the “much discretion” of the trial judge was not abused in making an award in that figure. However, we feel that $3,500 would include whatever pain, suffering or discomfort the child may have to go through as a result of the future surgical removal of the pigment in the scar. There is no evidence in the record to suggest that such surgery would be extensive; to the contrary, from our consideration of the entire record it appears that it will be of a minor nature. Accordingly, we are of the opinion that the total amount awarded for the injuries suffered by the child should be reduced from $4,500 to $3,500.
We must also disallow the award of $245 for future hospital expenses in connection with the removal of the pigment. This is an item of special damage which must be proved by the plaintiff and, as we have pointed out, the record contains no proof whatsoever that any hospitalization will be required for the contemplated surgery. Accordingly, the award to the plaintiff-husband, individually, must be reduced from $563.75 to $318.75.
For the reasons assigned, the judgment appealed from is amended so as to reduce the amount awarded to Cecil F. Carter, Jr., for and on behalf of his minor son, Jason Carter, from $4,500 to $3,500 and so as to reduce the amount awarded to Cecil F. Carter, Jr., in his individual capacity, from $563.75 to $318.75. As thus amended, and in every other respect, the judgment appealed from is affirmed; costs in this court to be paid by appellee, Cecil F. Carter, Jr.
Amended and affirmed.