McBRIDE, Judge.
Edwin L. McKay, Jr., age 16, and Robert McKay, age 15, were injured in an automobile accident on September 8, 1964, and their mother and natural tutrix, Mrs. Alice Buckner McKay, brought this suit to recover damages on their behalf from the liability insurer of the tort feasor; plaintiff also sought recoupment of the medical expenses incurred by her in connection with her childrens’ injuries. The policy limit of liability to any one person is $5000.
From a judgment in favor of plaintiff individually for $540 and on behalf of Edwin L. McKay and Robert McKay for $5000 and $700 respectively, the defendant has prosecuted this appeal.
The sole issue presented by the appeal is whether the awards made on behalf of plaintiff’s children are excessive, appellant strenuously contending that they are.
We have carefully analyzed the record herein and our conclusion is that the trial judge did not abuse the discretion vested in him in entering judgment for the above amounts. We cannot say that the awards are excessive.
His honor below handed down comprehensive reasons for judgment wherein he, in quite some detail, sets out the nature of *877 the injuries sustained by the two boys and the aftermath thereof.
We adopt the following portions of the reasons for judgment as part of our opinion herein:
“ * * * in the accident, the minor Edwin McKay received numerous contusions and abrasions over his face, forehead and head. Some of the cuts which he suffered were sufficient to pierce the left ear, the others were on the forehead, ranging from the center thereof down towards and through his left eyebrow, were of a deep nature as well as others about the head which are presently being and to a great extent covered by the hair.
“After the accident, the said Edwin McKay required hospitalization for a period of six days. He was in a shocked state when taken to the hospital, as a result of loss of blood, as well as the trauma experienced in the accident. It was necessary to perform surgery for a period of two hours in order to suture all of the wounds, and treatment of the wounds continued for a period of approximately seven weeks. Thereafter he was examined by Dr. Richard W. Vincent, who found scars of the forehead approximately four inches in length with a small extension from that scar of a smaller scar of one inch in length, several hairline scars as well as a scar on the left ear which scarring had thickened greatly.
“The doctor again examined this particular young man as late as January 11, 1966, and he testified that a maximum recovery was had as of this date; that the scars were still very evident, and of a nature which caused the doctor to recommend that there be reconstructive surgery, and that at least one or possibly two operations are necessary, even though the chances of correcting the particular scars were only five per cent. The doctor believed that it was essential that ear scar and the forehead scar receive proper reconstructive surgery, if at ail possible.
“From all of these facts as well as the other evidence adduced, it appears that Edwin McKay did suffer extensively during the first period of his ■ hospitalization, particularly during the two hour operation during which he was conscious, as well as throughout the period of healing, even to the present day when he testified he still gets the itches and bothered by his scar on his forehead as well as his ear.
“The Court * * * must take into consideration the testimony of both Dr. Vincent and Edwin, both of whom stated that an operation or two would be required in the future, and that Edwin would submit to such an operation or operations. Certainly there will be additional future pain and suffering for which a recovery may be had. * * *
“At the present time, the disfigurement of Edwin McKay’s appearance, particularly his forehead and his ear, are quite noticeable, and does to some extent mar his appearance and attracts attention; calls for nicknames which are undesirable by his fellow students, and there is only a five per cent hope that some of this disfigurement may in part disappear after the future operations. The Court feels that the damages for this disfigurement is certainly entitled to have full consideration * * * *
“Considering the claim of the other minor involved in this accident, Robert McKay, the injuries he suffered in comparison to those suffered by Edwin may be considered slight; however, the evidence does show that Robert did suffer a laceration of the fourth finger, and contusions and abrasions of the left knee. The lacerations of the fourth finger was inconsequential; however, the contusions of the left knee did cause Robert pain *878 and suffering for a period of approximately five to six months. Robert testified that he did feel discomfort for a period of approximately six months, and was unable to engage in basketball, which was his sport at school. His testimony is confirmed by the testimony of Dr. Pratt who stated that, when he examined Robert on October Sth, Robert still had slight tenderness, and did complain of discomfort, although he had no limitation of motion.
“Furthermore, the testimony is corroborated by the report of Dr. Faust, which was testified to, and there was no objection to that testimony, because Dr. Faust, as the Court has been advised, was the examining physician for the defendant insurance company. And Dr. Faust did see Robert five months after the accident, and confirmed in his report that Robert did suffer discomfort at that time.”
Edwin and Robert McKay are negro youths. Dr. Vincent testified that scars are apt to be more disfiguring on a member of the colored race. The scars Edwin McKay sustained must be a source of vexation and embarrassment to him for the evidence shows that his fellow students at the high school he attends call him various names such as “Stitch” and “Scarface Capone”.
In Carter v. Connecticut Fire Insurance Co., 184 So.2d 30, decided by this court in March of the current year, $3500 was allowed to a three year old child for injuries, pain and suffering and disfiguring scars resulting from an accident.
The injuries sustained by Edwin McKay in the instant case are far more serious than those inflicted upon the three year old child and the scars are more disfiguring.
The judgment appealed from is affirmed.
Affirmed.