*796
 
 FOURNET, Chief Justice.
 

 We granted certiorari in this case to review the judgment of the Court of Appeal, Parish of Orleans,
 
 [1]
 
 insofar as it reversed the judgment of the District Court awarding plaintiff Stanborg Billiot damages in the amount of $700 ($675 for property damage to his car and $25 medical expenses paid on behalf of his minor daughter),
 
 [2]
 
 incurred as a result of an automobile collision with a car owned by the defendant Noble Drilling Corporation and insured by the Aetna Casualty and Surety Company, also made defendant herein.
 
 [3]
 

 According to the facts of the case, as found by the Court of Appeal, the accident occurred on Barataría Boulevard, Jefferson Parish, near Crown Point, Louisiana, on Highway 45, at 6 :45 in the morning of August 27, 1955, on pavement slippery from previous rain and, therefore, hazardous to traffic. The Billiot car was the second in a line of three cars travelling in the same direction towards Harvey, the first car being driven by Mrs. Nola Miller and the third one by Magdaline C. Madrigal, an employee of the defendant Noble Drilling Corporation. “When- she [Mrs. Miller] came to a stop or had slowed down to eight ■ or ten miles (after giving the hand-signal and the automobile rear-light flash) to enter her home on the highway, she was struck in the rear by the Billiot automobile which was trailing behind 50 feet, going 50 miles per hour, and pushed ahead six feet. A few seconds thereafter the Billiot car was struck from the rear by the Noble Drilling Corporation car, being driven at the time by its employee, Magdaline C. Madrigal. As a result, the Billiot car was rammed into the Miller car and both pushed a distance of about 80 feet.” [102 So.2d 570.] The Court expressed the opinion that “ * * * while the Billiot car was negligent in following the Miller car at a distance of 50 feet at a speed of 50 miles an hour, and
 
 *798
 
 -would have been responsible for any damage to the Miller car or its occupants, both the Billiot and the Miller cars were at rest, without damage, when the Billiot car was rammed from the rear by the Drilling Corporation car,” and concluded that “ * * * The District Court was correct in holding that the sole and proximate cause of the resulting property damage to the Miller car and personal injuries to them and to the guests in the Billiot car was due solely to the negligence of the Drilling Corporation’s car.” However, in denying recovery to Billiot for damages to his car and medical expenses, the Court of Appeal reasoned that “ * * * with respect to the situation between Billiot and the Drilling Corporation automobiles, they both were guilty of negligence which contributed to the accident, so that neither can recover from the other.”
 

 We fail to appreciate the reasoning of the Court in this respect, which in fact follows counsel for defendants’ contention that “the two collisions were simultaneous for all practical purposes.” Conceding, without deciding, that plaintiff was negligent in striking the Miller car, such negligence caused no damage and affected only the Miller automobile and its passengers and not the following car driven by Madrigal, to whom plaintiff owed no duty “except to use the road in the usual way in keeping with the laws of the road, and until he has been made aware of the presence of such rear car by signal or otherwise, he has a right to assume that there is no other vehicle in close proximity in his rear, or, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner.” Greer v. Ware, La.App., 187 So. 842, 844. See also, Session v. Kinchen, La.App., 178 So. 635; Roberson v. Rodriguez, La.App., 186 So. 853; McDaniel v. Capitol Transport Co., Inc., La.App., 35 So.2d 38. In other words, Billiot’s negligence, if any, in following the Miller car too closely, has no causal connection with the collision and does not absolve the operator of the Drilling Corporation’s car from liability for failing to perform his duty owed to Billiot in violating the rule that “the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.” La.R.S. 32:234(A). See also, Crow v. Alesi, La.App., 55 So.2d 16.
 

 For the reasons assigned, the judgment of the Court of Appeal reversing the judgment of the lower court awarding plaintiff Stanborg Billiot damages in the amount of $675 for his automobile and $25 medical expenses incurred on behalf of his minor daughter is annulled and set aside; and the judgment of the district court is affirmed. All cost of the proceedings in this court to be paid by respondents, Noble Drilling Corporation and Aetna Casualty and Surety Company.
 

 [1]
 

 . See, 102 So.2d 569.
 

 [2]
 

 . Having thus limited the writ, the remainder of the judgment of the Court of Appeal is final.
 

 [3]
 

 . This suit was instituted by Mrs. Rosalie Verdin Billiot, wife of Stanborg Billiot, Stanborg Billiot individually and on behalf of his minor daughter, Louella Billiot, to recover for property damages, medical expenses and personal injuries suffered by Billiot, his wife and minor daughter. The trial judge disallowed any claims for personal injuries of Mr. and Mrs. Billiot, but awarded $675 for damages to Billiot’s car, $25 for medical expenses incurred on behalf of his minor daughter, and $12,000 on behalf of his minor daughter for her pain, -suffering and disfigurement, which was reversed by the Court of Appeal as to property damages and medical expenses and the judgment on behalf of the minor in the amount of $12,000 was reduced to $1,500.
 

 The suit was consolidated in the trial court and on appeal with a suit brought by Mr. and Mrs. Charles Miller against Stanborg Billiot, Magdaline C. Madrigal, Noble Drilling Corporation and Aetna Casualty Company to recover for damages and personal injuries resulting from the same automobile collision.