STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
CA 03-1452

BILLY BROWN

VERSUS

ENTERGY CORPORATION

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-5659
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Glenn B. Gremillion, Billy Howard Ezell, and *Arthur J. Planchard, Judges.

**\* Honorable Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as *Judge Pro Tempore*.**

**REVERSED AND REMANDED.**

**Joseph R. Ballard
Attorney at Law
P. O. Box 2431
Baton Rouge, LA 70821
(225) 381-5799
Counsel for: Defendant/Appellee**

**Entergy Corporation
John Green
Attorney at Law
400 East College Street
Lake Charles, LA 70605
(337) 474-3620
Counsel for: Plaintiff/Appellant
Billy Brown**

**EZELL, JUDGE**.

In this appeal, Billy Brown claims that the trial court erred in granting a summary judgment dismissing his claims in favor of the Defendant, Entergy Corporation. For the following reasons, we reversed the decision of the trial court and remand for further proceedings in accordance with this ruling.

In October of 2000, Brown contacted Entergy to have them remove a wooden electric pole from his premises. Employees of Entergy responded to the request by cutting the pole down, cutting the pole in half, then removing the portion of the pole that remained in the ground. They removed the portion of the pole that had been underground, but left the other two pieces, telling Brown that they did not have the proper equipment to remove the pieces and would come back for them at a later time. Brown made several attempts to contact Entergy to have them remove the pole sections. However, these calls did not receive a response.

In November of 2001, over one year after Entergy had cut down the poles, Brown went to mow his lawn. Because one of the poles was left at an angle to the fence that enclosed his yard, he was unable to reach a portion of his lawn to mow. Brown attempted to move one of the sections by hand and, in the process, injured his back. He went to the emergency room at Lake Charles Memorial Hospital on November 19, 2001. He later went to see his personal physician, Dr. Michael Seep, who determined that Brown had sustained a bulging disk at L4-L5 and neural canal stenosis. Dr. Seep diagnosed the injury as an aggravation of a previous back injury.[1]

Brown filed suit against Entergy, claiming that he sustained the injury due to Entergy's failure to remove the pole sections from his yard. Entergy moved for a summary judgment, which the trial court granted. From this decision, Brown appeals.

---

[1] Prior to this incident, Brown has injured his back in a work related accident which resulted in a spinal fusion and chronic pain.

As his lone assignment of error, Brown claims that the trial court erred in dismissing his suit through summary judgment. We agree.

On a motion for summary judgment, a trial court must initially determine whether the moving party's documents resolve all material factual issues. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. In considering whether a genuine issue exists, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Walker v. Kroop*, 96-618, p. 2 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 582. When considering summary judgments on appeal, the court must review the matter *de novo*. *Smith*, 639 So.2d 730. Thus, an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law? *Id*.

Brown alleged a negligence cause of action against Entergy. In order to sustain such a cause of action, a plaintiff must prove the following by a preponderance of the evidence: "(1) the existence of a duty; (2) the breach of that duty; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the conduct was a legal cause of the injuries; and (5) actual damages which resulted from the conduct." *Harkins v. Gauthe*, 97-912, pp. 6-7 (La.App. 3 Cir. 2/4/98), 707 So.2d 1308, 1311, *writ denied*, 98-584 (La. 4/24/98), 717 So.2d 1170,(*citing Roberts v. Benoit*, 605 So.2d 1032 (La.1991)(on rehearing)). Entergy conceded, for the purposes of this summary judgment, that all of these elements were met except for the legal cause element.[2]

_____

[2] Entergy operates on Brown's land via a servitude. Under La.Civ.Code art. 745 (emphasis added), Entergy "may deposit materials to be used for the works and the debris that may result, under the obligation of causing the least possible damage and

1

In *Todd v. State, Through Social Services*, 96-3090, pp. 6-7 (La. 9/9/97), 699 So.2d 35, 39, the Louisiana Supreme Court stated that "whereas the question of cause-in-fact involves a factual determination, the determination of legal cause involves a purely legal question." *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 294 (La.1993)(citations omitted), summarizes the test for legal cause :

> The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner. In determining the limitation to be placed on liability for defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced.

Entergy concedes that it had a duty to remove these pole sections. However, it failed to do so for over a year. It is easily foreseeable that Brown would try to move the pole sections after such an extended length of time. However, Brown did have knowledge of his own back problems, which could make his actions in trying to manually move the pole alone unreasonable. Accordingly, we find that genuine issues of material fact remain as to the comparative fault of Brown and Entergy. While ultimately the trial court may conclude that Brown's actions outweigh the inaction by Entergy in causing his injury, we do not find that Entergy's submission, at this time, sufficiently clarifies the factual background to foreclose further proceedings. Therefore, at this time, a summary judgment is inappropriate.

The decision of the trial court granting Entergy a summary judgment is reversed. This case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Entergy.

**REVERSED AND REMANDED.**

---

of *removing them as soon as possible*." Thus, it is clear that Entergy had a duty to remove the two pieces of the pole within a reasonable time.