# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**15-116**

**LACY BERTHIAUME, ET AL.**

**VERSUS**

**KEITH GROS, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2014-0679-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Peter F. Caviness**
**Falgoust, Caviness & Bienvenu, L.L.P.**
**Post Office Drawer 1450**
**Opelousas, LA 70571-1450**
**(337) 942-5812**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
   **Keith Gros**
   **Bitco General Insurance Company**

**Brian M. Caubarreaux**
**Brian Caubarreaux & Associates**
**Post Office Box 129**
**Marksville, LA 71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
   **Lacy Berthiaume**
   **Gaynell Coco**

**AMY, Judge.**

The parties were involved in an automobile accident in which the defendant's vehicle rear-ended the plaintiffs' automobile. The plaintiffs filed suit alleging that they were injured as a result of the accident. The plaintiffs subsequently filed a motion for summary judgment on the issue of liability. The defendant conceded that he was at fault, but contested whether he was solely liable for the accident. The trial court granted the motion for summary judgment and entered judgment finding that the defendant was solely liable for the accident. The defendant appeals. For the following reasons, we reverse and remand.

### Factual and Procedural Background

The genesis of this lawsuit is an automobile accident which allegedly caused injuries to the plaintiffs, Lacey Berthiaume[1] and Gaynelle Coco. According to the record, Ms. Berthiaume was driving along a busy highway with her mother, Ms. Coco, as a passenger. An unknown vehicle ("Vehicle 1") pulled out on to the highway in front of the vehicle ahead of Ms. Berthiaume ("Vehicle 2"). Both Vehicle 2 and Ms. Berthiaume were forced to stop short. Ms. Berthiaume testified in her deposition that she was able to stop with approximately one foot between her vehicle and Vehicle 2. However, Ms. Berthiaume's car was rear-ended by a truck driven by the defendant, Keith Gros. Mr. Gros' truck was owned by his employer, M.D. Descant, Inc., and insured by Bitco General Insurance Corporation. The record indicates that the identities of Vehicle 1 and Vehicle 2's owners or occupants are unknown.

Ms. Berthiaume and Ms. Coco filed suit against Mr. Gros and Bitco, seeking damages for injuries they allegedly incurred as a result of the accident. The

---

[1] Ms. Berthiaume's first name is also spelled as "Lacy" in the record.

plaintiffs thereafter filed a motion for summary judgment on the issues of insurance coverage and liability. After a hearing, the trial court granted the motion as to both issues, finding that Mr. Gros was solely liable for the accident and that there was coverage under the insurance policy. Mr. Gros and his insurer have appealed, asserting error only as to the trial court's determination that Mr. Gros was solely liable for the accident.

## Discussion

*Summary Judgment*

Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Although the burden of proof remains with the moving party,

> if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

A fact is considered "material" when its existence or nonexistence might be essential to a plaintiff's cause of action under his or her applicable theory of

2

recovery. *Ebarb v. Matlock*, 46,243 (La.App. 2 Cir. 5/18/11), 69 So.3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So.3d 1164. Thus a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Id.* "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.

Further, the trial court's determination in a motion for summary judgment is reviewed de novo. *Bernard v. Ellis*, 11-2377 (La. 7/2/12), 111 So.3d 995. Accordingly, the appellate court uses the same criteria as the trial court in determining whether summary judgment is appropriate—whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Id.*

*Liability*

In order to impose liability under the general negligence principles of La.Civ.Code art. 2315, a plaintiff must prove five elements: 1) that the defendant had a duty to conform his conduct to a specific standard of care; 2) that the defendant failed to do so; 3) that the substandard conduct was a cause-in-fact of the plaintiff's injuries; 4) that the conduct was a legal cause of the plaintiff's injuries; and 5) actual damages. *Ebarb*, 69 So.3d 516 (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270). Whether a duty is owed is a question of law. *Id.* Although the determination of whether the defendant's conduct was the cause-in-fact of the plaintiff's damages is a factual question, whether that conduct is also the legal cause of the plaintiff's damages is

3

purely a legal question. *Brown v. Entergy Corp.*, 03-1452 (La.App. 3 Cir. 2004), 870 So.2d 422.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La.R.S. 32:81(A). In a rear-end automobile accident, the following motorist is presumed to have breached that duty and is therefore presumed negligent. *Ebarb*, 69 So.3d 516 (citing *Mart v. Hill*, 505 So.2d 1120 (La.1987)). "To avoid liability, a following motorist who rear-ends another vehicle must prove he was not at fault by establishing that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances." *Id.* at 520-21. Alternatively, the following motorist may show that the lead motorist negligently created a hazard which could not reasonably be avoided. *Id.*

Generally, when other vehicles are able to stop behind the lead vehicle without incident and the driver of the last vehicle is the one that causes the collision, the driver of the last vehicle is negligent. *Ebarb*, 69 So.3d 516. *See also Viator v. Gilbert*, 206 So.2d 106 (La.App. 4 Cir.), *judgment amended*, 216 So.2d 821 (La.1968); *Billiot v. Noble Drilling Corp.*, 109 So.2d 96 (La.1959); *Price-Dunham-Fenet Brick Mfg. Co., Inc. v. Reeves*, 85 So.2d 635 (La.App. 1 Cir. 1956). In this matter, Mr. Gros has conceded that he is at fault for the accident. However, he contests the trial court's determination that he was solely at fault. More specifically, Mr. Gros argues that Vehicle 1 entered the highway negligently and caused Vehicle 2, Ms. Berthiaume, and Mr. Gros to stop short. Accordingly, Mr. Gros asserts that Vehicle 1 is partially at fault for the accident, or, at minimum, a genuine issue of material fact exists with regard to this issue.

4

Comparative fault allows a percentage of fault to be allocated to each party that contributes to an injury or loss. La.Civ.Code art. 2323(A); *State Farm Mut. Auto. Ins. Co. v. McCabe*, 14-501, 14-502 (La.App. 3 Cir. 11/5/14), 150 So.3d 595. This allocation is made "regardless of whether the person is a party to the action or a nonparty, . . . or that the other person's identity is not known or reasonably ascertainable." La.Civ.Code art. 2323(A). The allocation of fault is a factual finding. *Ly v. State Through Dept. of Pub. Safety & Corr.*, 633 So.2d 197 (La.App. 1 Cir. 1993), *writ denied*, 93-3134 (La. 2/25/94), 634 So.2d 835. Where reasonable minds could differ as to the comparative fault of the parties, summary judgment is inappropriate. *See Favre v. Boh Bros. Const. Co., L.L.C.*, 11-451 (La.App. 5 Cir. 3/13/12), 90 So.3d 481, *writ denied*, 12-1024 (La. 6/22/12), 91 So.3d 976; *Brown*, 870 So.2d 422; *Allen v. Integrated Health Servs., Inc.*, 32,196 (La.App. 2 Cir. 9/22/99), 743 So.2d 804; *Chapman on Behalf of Arvie v. Liberty Mut. Ins. Co.*, 96-458 (La.App. 3 Cir. 11/6/96), 682 So.2d 906.

In *Bertrand v. Henry*, 01-348 (La.App. 3 Cir. 12/19/01), 815 So.2d 868, *writ denied*, 02-190 (La. 3/28/02), 811 So.2d 945, the plaintiff-driver successfully stopped in time to avoid an accident with a Cadillac that was at a dead stop in the middle of the Atchafalaya Basin Bridge. However, a truck immediately behind the plaintiff's vehicle was unable to stop and rear-ended her vehicle. *Id.* After a trial, the jury determined that the driver of the truck was not "the cause" of the plaintiff's accident. *Id.* However, a panel of this court determined that the jury's conclusion in that regard was manifestly erroneous. *Id.* Having made that determination, the panel then addressed the proper apportionment of fault, finding that "[c]learly, had [the other driver] not stopped his Cadillac in the travel lane, [the plaintiff] and [the truck driver] would not have been forced to brake and

presumably there would have been no accident." *Id.* at 874. Accordingly, the panel assessed fault at 25% to the Cadillac's driver and 75% to the truck driver. *Id. See also Harbin v. Ward*, 13-1620 (La.App. 1 Cir. 5/29/14), 147 So.3d 213; *Ly*, 633 So.2d 197.

In contrast, in *Billiot*, 109 So.2d 96, which was decided before the enactment of Louisiana's comparative fault scheme,[2] the plaintiff's vehicle was the second in a line of three cars. When the first vehicle slowed to make a right turn, the plaintiff's car struck the first vehicle from behind, although this impact did not cause any damage to the two vehicles. *Id.* Thereafter, the plaintiff's vehicle was subsequently rear-ended by the third vehicle. Noting that the first accident caused no damage and that the plaintiff's actions violated no duty to the defendant, the supreme court opined that

> [the plaintiff's] negligence, if any, in following [the first] car too closely, has no causal connection with the collision and does not absolve the operator of the [third car] from liability for failing to perform his duty . . . in violating the rule that 'the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and the condition of the highway.'

*Id.* at 98.

Pursuant to La.R.S. 32:124, "[t]he driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, . . . shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard." According to the evidence submitted in support of the motion for summary judgment, Vehicle 1 entered the highway in front of Vehicle 2 in a manner that caused Vehicle 2 to stop short. The record indicates that both Vehicle 2 and Ms. Berthiaume were able to avoid an accident. Noting the differing results in

---

[2] *See* 1979 La. Acts 431, § 1, eff. August 1, 1980.

6

*Bertrand*, 815 So.2d 868, and *Billiot*, 109 So.2d 96, we conclude that reasonable minds could differ about the other drivers' responsibility for the accident. Thus, our review of the record indicates that genuine issues of material fact remain with regard to the comparative fault of the various actors. Accordingly, we reverse the trial court's grant of the motion for summary judgment with regard to the issue of liability and remand for further proceedings.[3]

## DECREE

For the foregoing reasons, the trial court's judgment granting the plaintiffs' motion for summary judgment with regard to liability is reversed, and this matter is remanded for further proceedings. Costs of this matter are assessed to the appellees, Lacey Berthiaume and Gaynell Coco.

**REVERSED AND REMANDED.**

---

[3] Partial summary judgment is inappropriate where the determination of a particular element of liability when that determination is not completely dispositive of the question of liability between the parties and where other issues such as comparative fault remain unresolved. *Tye v. Co-Mar Offshore Operators, Inc.*, 95-94 (La.App. 1 Cir. 10/6/95), 669 So.2d 438, *writ denied*, 96-1051 (La. 6/7/96), 674 So.2d 975.