STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

VERA BERNARD

VERSUS

ACE PROPERTY & CASUALTY INS. CO., ET AL

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20120698
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**AFFIRMED.**

Lawrence Blake Jones
David C. Whitmore
Blake Jones Law Firm, LLC
701 Poydras Street, Suite 4100
New Orleans, LA 70139
(504) 525-4361
COUNSEL FOR PLAINTIFF/APPELLANT:
    Vera Bernard

Steven B. Witman
Law Offices of Steven B. Whitman
209 Highway 22 West, Suite G
Madisonville, LA 70447
(985) 792-5220
COUNSEL FOR DEFENDANT/APPELLEE:
    Stanley Access Technologies LLC

**GREMILLION, Judge.**

The plaintiff, Vera Bernard (Bernard), appeals the trial court's judgment granting summary judgment in favor of Stanley Access Technologies LLC (Stanley). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bernard filed a petition for damages in February 2012, alleging that she sustained injuries in February 2011 at the Lafayette Airport when she struck a revolving door that came to "an abrupt halt" as she was exiting the airport. Stanley was later named as a defendant in an amending petition. Stanley installed the revolving doors at the Lafayette Airport, which were thereafter inspected and certified by Boon Edam, Inc. Stanley filed a motion for summary judgment in July 2017. Following an August 2017 hearing, the trial court granted summary judgment in Stanley's favor finding it owed no duty to Bernard.

Bernard assigns as error:

1. The trial court erred in failing to find that the appellees owed a duty to appellant.

2. Insofar as the trial court determined that Stanley did not owe a duty to Ms. Bernard because there was no contractual relationship between Ms. Bernard and Stanley, such a determination was an error of law.

3. Insofar as the failure to find a duty was owed is based upon the trial court's determination of the issue of garde, the trial court erred in finding that the property owner had garde over the doors involved in plaintiff's accident when the issue of garde had not been addressed by the Motion for Summary Judgment (as well as no other pleading) and there are questions of fact as to who had garde.

4. The trial court erred in failing to find that there was sufficient circumstantial evidence that the door involved in appellant's accident was malfunctioning at or near the time of the appellant's accident, and that the malfunction was due to matters which appellees were contractually obligated to remedy.

5. The trial court erred in failing to find that there were genuine issues of material fact as to whether the lack of adequate warning was a contributing factor to the accident in question.

6. The trial court erred in failing to find that there were genuine issues of material fact as to whether the appellees breached a duty owed by the appellees to the appellant.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins,* 98–2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97–318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied,* 97–2737 (La. 1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Am. Zurich Ins. Co. v. Caterpillar, Inc.*, 12-270, p. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

Bernard's amending petition naming Stanley as a defendant alleged that it was under contract with the Lafayette Airport Commission for the "installation, repair, maintenance, upkeep and/or training and/or supervising personnel regarding such acts in regard to the revolving doors involved in plaintiff's accident." Bernard further alleged that her injuries were due to Stanley's negligence in "failing to properly install, inspect, maintain and/or repair the automatic revolving doors, failing to properly train their employees or employees of other defendants herein in

2

the proper repair, maintenance and upkeep of the revolving doors, and such other acts of negligence as may be shown at the trial of this matter."

In support of its motion for summary judgment, Stanley submitted the deposition of Bernard, who stated that she did not know what caused her to fall; the Lafayette Regional Airport incident narrative, which stated that Bernard did not know what caused her to fall; the affidavits of two experts who attested that Stanley was not required by any contract to inspect, maintain, or repair the doors or train employees, that the doors were inspected and certified to have been installed correctly, and the doors operated correctly on the day of the accident. Further, Stanley submitted evidence indicating that the doors were marked with "CAUTION," "AUTOMATIC DOORS," and "KEEP RIGHT" warning signs.

In opposition to the motion for summary judgment, Bernard claimed that the expert witness testimony was based on hearsay and biased, as the parties were employed by subsidiaries of Stanley. Further, Bernard argued that Stanley was required to "inspect, maintain and repair" the doors at the time of the accident and afterward. Bernard attached a "Letter of Guarantee" issued by Stanley, which warranties the door equipment and instructs that, if the equipment malfunctions, the owner shall immediately turn off the door operating equipment and notify Stanley. Bernard further submitted a "Field Report No. 12" indicating that on March 9, 2011, a Stanley representative made notes for an installer to adjust a sensor in the door. According to Bernard, this showed Stanley continued to maintain and inspect the door. Bernard also points to a service report dated January 2012, noting that Stanley "performed pm inspection on 2 Boon Edam doors," as evidence of its duty to inspect, maintain, and repair after installation. Bernard attached emails in which Stanley employees discussed training airport personnel. Bernard further argued that questions of fact remain as to whether the warning signs on the door were sufficient.

3

She pointed to the fact that after the accident, additional warning indicators were placed on the doors. Bernard further submitted that she reported being hit by the revolving door shortly after the accident when presenting to her orthopedic doctor.

Stanley maintained that Bernard failed to put forth any evidence that the doors were defectively installed or any expert testimony to refute the affidavits of the expert testimony provided by Stanley.

The trial court based its grant of summary judgment on the fact that the duty to inspect the doors daily rested with the airport rather than Stanley and that there was no evidence that the door malfunctioned. The trial court stated, "[T]he airport is the one that has guard [sic] over the door. The airport has a responsibility." The trial court further found that there was no evidence to show that the incident was caused by a lack of training of anyone. The trial court determined that Bernard failed to put on any evidence that Stanley had a daily duty to inspect the doors. The trial court stated:

> [T]he burden was on the plaintiff to show that there is some basis on which Stanley has breached a duty owed to this plaintiff. And I don't – The evidence submitted does not establish that.
>
> The only, quote, evidence is the claim of the plaintiff that she was hit by the door. But there's no evidence in the record to establish that anything was malfunctioning that day and that any malfunction was a result of the breach of a duty by Stanley owed to this plaintiff.

We agree with the trial court. Bernard simply failed to put forth any evidence that she would be able to meet her burden of proving at trial that Stanley owed a duty to her or that it breached that duty. Ordinary negligence claims under La.Civ.Code art. 2315 are governed by a duty/risk analysis and an examination of the particular facts in question. *Berthiaume v. Gros*, 15-116 (La.App. 3 Cir. 6/3/15), 165 So.3d 1275. A plaintiff must prove "1) that the defendant had a duty to conform his conduct to a specific standard of care; 2) that the defendant failed to do so; 3) that

4

the substandard conduct was a cause-in-fact of the plaintiff's injuries; 4) that the conduct was a legal cause of the plaintiff's injuries; and 5) actual damages." *Id*. at 1278. Whether a defendant owes a duty to a plaintiff is a question of law. *Baheth v. Lafayette Parish Sch. Sys.*, 17-821 (La.App. 3 Cir. 4/25/18), 245 So.3d 1252. A plaintiff can support her claims with any law, whether it be statutory, jurisprudential or arising from general principles of fault. *Talbert v. Restoration Hardware, Inc.*, 17-986 (La.App. 1 Cir. 5/31/18), __ So.3d __.

## ASSIGNMENTS OF ERROR ONE, TWO & THREE

Bernard's first three assignments of error revolve around the threshold issue in this case, i.e., whether Stanley owed a duty to Bernard. While the first assignment makes the general claim that the trial court erred in finding no duty, assignments two and three address specific reasons why Bernard believes the trial court found there was no duty owed by Stanley: 1) lack of a contractual relationship between Bernard and Stanley; and 2) the Lafayette Airport had garde over the doors.

Bernard argues that any contractor owes a duty to the general public to not expose it to harm. Stanley argues there was no duty because there was no contractual relationship with the airport and the doors had been certified as properly working. According to Bernard's first argument, a contractor having any connection to the construction of a building, however remote, owes a duty to the entire public. We disagree. Once the doors had been certified as properly installed, the duty rested with the Lafayette Airport to alert Stanley were the doors to malfunction. While Bernard spends a significant amount of time discussing whether the issue of "garde" was properly before the trial court since it was not addressed in Stanley's motion for summary judgment, we find this distinction irrelevant. Whether Stanley owed a duty to Bernard is not dependent upon legal terms used in its motion. Further, Bernard spends a great deal of time arguing that Stanley had a duty to inspect the doors on a

5

daily basis, yet provides no evidence of such. These assignments of error are without merit.

## ASSIGNMENT OF ERROR FOUR

In brief, Bernard argues "Insofar as the trial court determined that summary judgment was proper because there was no direct evidence that the door malfunctioned at the moment of Ms. Bernard's accident, there was ample circumstantial evidence to create genuine issues of material fact for trial." This circumstantial evidence consists of a service call made by the Lafayette Airport to Stanley on March 9, a month after the accident in question, requesting adjustment to some sensors on the door and Bernard's claims that Stanley did not train the airport employees. Neither of these points to evidence that the door malfunctioned or was improperly installed on the date in question. On the contrary, the many people who would have passed through the doors following the accident and before the mid-March service call indicate that the doors did function properly. Bernard failed to submit any evidence to contradict the expert opinion offered by Stanley that the doors, including its sensors and components, complied with applicable standards and were properly functioning on the day of the incident.

The simple fact is that Bernard offered no evidence that the door was not functioning properly on the day of the accident. Even if Stanley had all the duties suggested by Bernard (i.e. to inspect daily, to train employees, to provide manuals, etc.), there is no correlation between these alleged duties and the claimed malfunction of the door, of which there is no proof.

Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR FIVE

This assignment of error is a variation of the same argument made above. What Bernard claims is a genuine issue of material fact–whether the lack of adequate

warning was a contributing factor to the accident—assumes there was some evidence suggesting that the doors were inadequately labeled. While Bernard's former arguments hinge on malfunction of the door, this argument relies on failure to warn that a revolving door was approaching. On the contrary, Stanley submitted evidence that the doors were marked with large signs indicating "CAUTION," "AUTOMATIC DOOR," and "KEEP RIGHT." Bernard did not submit any evidence that these warnings were inadequate. The fact that at some point in time after this incident round opaque stickers were added to the doors does not create a genuine issue of material fact. Bernard put on no evidence that the door labeling was a contributing factor to this accident.

## ASSIGNMENT OF ERROR SIX

In this assignment of error, Bernard argues that the trial court erred in finding there were no genuine issues of material fact as to whether the Stanley breached a duty owed to Bernard. For the reasons discussed above we find that Bernard will be unable to prove that Stanley breached a duty owed to her. Accordingly, this assignment of error is without merit.

## CONCLUSION

Bernard failed to meet her burden of producing evidence that Stanley owed a duty to her or that the revolving door malfunctioned on the date of the incident. The judgment of the trial court granting summary judgment in favor of the defendant-appellee, Stanley Access Technologies LLC, is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Vera Bernard.

**AFFIRMED**.