# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-452

**BLANCHE SMITH**

**VERSUS**

**DORIS HOWELL, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 258,156
HONORABLE MONIQUE RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, D. Kent Savoie, and Van H. Kyzar, Judges.

**REVERSED AND REMANDED.**

**Bonita Preuett-Armour**
**P. O. Box 8386**
**Alexandria, LA 71306**
**(318) 442-6611**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **State Farm Mutual Automobile Insurance Company**
    **Doris Howell**

**Joseph Payne Williams, Jr.**
**Williams Family Law Firm**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Farm Bureau Casualty Ins.Co.**

**Brian M. Caubarreaux**
**Eugene A. Ledet, Jr.**
**Emily Gremillion**
**Wesley K. Elmer**
**Laura B. Knoll**
**Brian Caubarreaux & Associates**
**114 W. Tunica Drive**
**Marksville, LA 71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Blanche Smith**

**SAVOIE, Judge.**

In this auto accident case, Defendants Doris Howell ("Ms. Howell") and State Farm Mutual Automobile Insurance Company ("State Farm") appeal the trial court's partial summary judgment assessing them with one hundred percent liability. For the following reasons, we reverse the judgment of the trial court and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2016, Blanche Smith ("Ms. Smith") and Ms. Howell were involved in an auto accident on Coliseum Boulevard ("Coliseum") in Alexandria, Louisiana. Coliseum is a divided highway with a median separating the eastbound lanes from the westbound lanes. Ms. Howell was initially driving on the westbound side of Coliseum, with her husband riding in the passenger seat. From the left turn lane, Ms. Howell turned left into the intersection of Coliseum and Vandenburg Drive ("Vandenburg") and then proceeded to make a left turn, or U-turn, into the eastbound side of Coliseum. In doing so, Ms. Howell's vehicle collided with a vehicle driven by Ms. Smith on the eastbound side of Coliseum, near the intersection of Coliseum and Vandenburg.

On February 23, 2017, Ms. Smith filed a petition seeking damages she claims were sustained in the July 12, 2016 accident and naming Ms. Howell, and Ms. Howell's insurer, State Farm, as Defendants. She also named her own auto insurer, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), as a defendant; however, her uninsured motorist claims against Farm Bureau were dismissed pursuant to a consent judgment filed October 20, 2017, with a reservation of rights to assert a claim for medical payments coverage against Farm Bureau.

On February 28, 2019, Ms. Smith filed a motion for partial summary judgment seeking a ruling that Ms. Howell was solely at fault in connection with the subject accident, and therefore, that Ms. Howell and State Farm were liable for one hundred percent of any damages Ms. Smith sustained in the accident. Therein, Ms. Smith argued it was undisputed that Ms. Howell "breached her duty as a reasonable and prudent motorist by failing to see what should have been seen under the circumstances." In support of her motion, Ms. Smith submitted the deposition testimony of Ms. Howell, as well as the exhibits attached to Ms. Howell's deposition, which included a copy of Ms. Howell's driver's license, a copy of Ms. Howell's Registration Certificate pertaining to her vehicle, a photograph of Ms. Howell's vehicle following the accident, and a copy of a "Google Earth" image showing the intersection of Coliseum and Vandenburg and the location of the accident. During the hearing on the motion for partial summary judgment, Ms. Howell's deposition and attached exhibits were accepted into evidence without objection. No other exhibits or affidavits were submitted in support of Ms. Smith's motion.

In her deposition, Ms. Howell testified as follows with respect to the subject accident when questioned by counsel:

> A. Well, we went to this little Dollar General . . . and then I was going to go to Wal-Mart. And I had to pull out on the highway [Coliseum] and I pulled out and I waited until the traffic on the other side come down the road, and then I pulled out and I hit a car. But I don't know where the car come from and I don't remember seeing it until after it was all over with.
>
> . . . .
>
> Q. All right. Before you decided to make your turn, before the accident happened, you first started going west on . . . Coliseum Boulevard, correct?

2

A. Yes.

Q. And then you got to the turning lane at the intersection of Vandenburg?

. . . .

A. Yes.

Q. Okay. And then you waited for the cars to pass you that were coming the opposition direction?

. . . .

A. Yes.

. . . .

Q. Okay. And you never saw Ms. Blanche Smith, where she was coming from?

A. I never saw her at all. Now, when it happened, my husband said where did that car come from because we hadn't seen her, we don't know. But she was there[,] and we hit her and that was that.

Q. Okay. Do you know if Ms. Blanche Smith, the person you hit, do you know if she did anything wrong to cause this accident?

A. No.

Q. Do you accept responsibility for causing the accident?

A. Yes.

. . . .

A. Well, if it was my fault, it was my fault. I don't know for sure. I didn't see her. I don't know where she was[.]

In connection with her deposition testimony, Ms. Howell also identified her path of travel on the Google Earth image of the Coliseum and Vandenburg intersection. Ms. Howell testified that prior to turning into the eastbound lanes of Coliseum, she entered the turning lane on the left side of the westbound lanes at the intersection of Coliseum and Vandenburg, and she completed the "whole turn"

3

onto the eastbound side of Coliseum. She marked an "X" on the Google Earth image at the location where she believed the accident took place and testified as follows when questioned by counsel:

Q. Ms. Howell, it's my understanding that your vehicle was, as you've identified on "Exhibit 4" [the Google Earth image], made this path of travel where the arrows are drawn, is that correct?

A. Uh-huh, and this is about where the wreck was. See, there's a driveway right there. She could have come out of that driveway, I don't know where she came from.

. . . .

Q. Now, you said that you looked and you never saw her?

A. No. Now, I sat here a little while because there was an SUV, a green SUV . . . but I waited until that car passed before I pulled out.

. . . .

Q. And your vehicle sat here at this, in the turn lane?

A. Yeah, until I watched the traffic come down the road.

Q. And then it moved across the median area?

A. Uh-huh.

. . . .

Q. And it moved across the left lane of travel [on the eastbound side of Coliseum]?

A. Yeah, and it moved across the left and it was over there on the right side.

Q. So there was a distance of the median and the left lane that you traveled before this contact occurred, is that right?

. . . .

A. Yeah.

The Google Earth image shows that at the intersection of Coliseum and Vandenburg, there is a traffic light directing the westbound lanes of traffic on

4

Coliseum, and also a traffic light directing the southbound traffic on Vandenburg. Given the angle of the image, however, it is unclear whether there was also a traffic light directing the eastbound traffic on Coliseum or the northbound traffic on Vandenburg. In addition, the Google Earth image indicates that there is access to the eastbound lanes of Coliseum from either Vandenburg on the southside of the intersection and/or the driveway or parking lot of what appears to be a business along the eastbound side of Coliseum near where the accident took place.

Ms. Howell further testified that there was not anything in her way to obscure her vision, and "[t]here wasn't hardly no traffic on the road." The following colloquy also took place between Ms. Howell's counsel and Ms. Howell in connection with the deposition:

Q. Do you know if there were any obstructions that would have prevented her from seeing you cross these lanes?

A. No. . . and she said the light was green and she said that she saw me but she couldn't get out of the way so I don't know what . . .

Q. So you don't know whether or not she had time enough to avoid the accident or not, do you?

A. No, I don't know. But she said she saw me, that she tried to get out of the way, so I don't know.

. . . .

Q. Now, [Ms. Smith's counsel] asked you if you took responsibility for this accident. Well, she may have had some responsibility for this accident too because she could have seen you and tried to avoid that, correct?

A. Correct, she could have.

Ms. Howell also consistently testified in connection with her deposition that she never saw Ms. Smith or her vehicle until after the accident, so she did not know how fast Ms. Smith was driving at the time, where her vehicle had come

5

from prior to the two vehicles making contact in the righthand lane of the eastbound side of Coliseum, or what Ms. Smith did, or could have done, to avoid the accident. In addition, Ms. Howell's deposition testimony indicates that the front passenger side of her vehicle made contact with the driver's side of Ms. Smith's vehicle, but that she "didn't see anything on her [Ms. Smith's] car to show where she had got hit[.]"

In opposition to Ms. Smith's motion for summary judgment, Ms. Howell submitted a one-page excerpt from Ms. Smith's deposition testimony, wherein Ms. Smith was asked whether she saw Ms. Howell before the contact occurred and Ms. Smith testified "[m]aybe five seconds before, not more." This was also accepted into evidence without objection.

Following the hearing on Ms. Smith's motion for partial summary judgment, the trial court stated as follows:

> Okay. The Court's going to grant the Motion for Summary Judgment on liability. It's clear that the defendant, herself, has clearly stated that she's liable; she didn't see her. And there's nothing, no more than the defendant herself said, that, yeah, maybe she could have done something, but - - I'm - - in the face of the other testimony, it's clear that Ms. Howell believes that she caused this accident, and that Ms. Smith definitely didn't.
>
> So, the - - the Court doesn't see that there is a genuine issue. There's no conflict that's regarding that, in the court's eyes. And so, the Court's granting the Motion for Summary Judgment.

The trial court then rendered a judgment on April 15, 2019, ordering "that [P]laintiff's Motion for Summary Judgment on the Issue of Liability is hereby granted, whereby [D]efendants, State Farm . . . and Doris Howell are assessed with 100% liability in this matter." The trial court further designated the judgment as final and appealable.

6

Thereafter, Defendants Ms. Howell and State Farm appealed the partial summary judgment rendered against them. In their sole assignment of error, they state "[t]he trial court erred in granting Plaintiff's Motion for Summary Judgment, where genuine issues of material fact exist with regard to Plaintiff's comparative fault in causing the accident, which issues of fact preclude summary judgment."

## ANALYSIS

"[T]he trial court's determination in a motion for summary judgment is reviewed de novo. Accordingly, the appellate court uses the same criteria as the trial court in determining whether summary judgment is appropriate[.]" *Berthiaume v. Gros*, 15-116, p. 3 (La.App. 3 Cir. 6/3/15), 165 So.3d 1275, 1277 (internal citations omitted).

The Louisiana Code of Civil Procedure provides as follows with respect to summary judgments: "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

> A fact is considered "material" when its existence or nonexistence might be essential to a plaintiff's cause of action under his or her applicable theory of recovery. *Ebarb v. Matlock*, 46,243 (La.App. 2 Cir. 5/18/11), 69 So.3d 516, *writ denied*, 11-1272 (La.

7

9/23/11), 69 So.3d 1164. Thus a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Id*. "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.

*Berthiaume*, 165 So.3d at 1277.

"The allocation of fault is a factual finding. Where reasonable minds could differ as to the comparative fault of the parties, summary judgment is inappropriate." *Id*. at 1278 (internal citations omitted).

In the instant case, Ms. Howell and State Farm argue that genuine issues of material fact pertaining to Ms. Smith's comparative fault preclude summary judgment. They note that the record is unclear as to where Ms. Smith was coming from prior to impact with Ms. Howell's vehicle or how fast Ms. Smith was traveling just prior to the accident. Ms. Howell and State Farm further argue that the trial court erred in concluding it was "clear that Ms. Howell believes that she caused this accident, and that Ms. Smith definitely didn't[.]" They note that this conclusion is contrary to Ms. Howell's deposition testimony and that Ms. Howell's statement regarding her own responsibility is not a judicial confession or otherwise determinative of Ms. Smith's comparative fault.

Ms. Smith, however, argues that the summary judgment should be maintained, indicating that there is a presumption of fault imposed on a left turning or U-turning motorist and Defendants failed to provide any positive evidence indicating that Ms. Smith did anything to cause the accident at issue, despite their burden of doing so.

We agree with Ms. Howell and State Farm that the record on summary judgment creates issues of material fact that preclude summary judgment. There is

8

no positive evidence regarding Ms. Smith's actions just prior to the accident, other than: (1) Ms. Howell's testimony that the front passenger side of her vehicle made contact with the driver's side of Ms. Smith's vehicle in the righthand lane of the eastbound side of Coliseum; (2) Ms. Howell's testimony that Ms. Smith reported to her after the accident that the "the light was green and she said that she saw me but she couldn't get out of the way," with no indication as to which traffic light at the intersection was being referenced;[1] and (3) Ms. Smith's testimony that she saw Ms. Howell's vehicle "maybe five seconds before the accident happened." There is no other positive testimony from Ms. Smith in the record regarding her actions, and Ms. Howell consistently testified she did not see Ms. Smith's vehicle prior to the accident or otherwise know where Ms. Smith had come from.

In addition, the Google Earth image of the intersection at issue indicates that there was a road or driveway at the intersection of the eastbound side of Coliseum and Vandenburg, as well as other locations along the eastbound side of Coliseum, from which Ms. Smith could have turned right onto Coliseum just prior to the accident. This, coupled with the lack of positive evidence concerning Ms. Smith's actions just prior to the accident, creates an issue of material fact regarding whether Ms. Smith was comparatively at fault in causing the accident, and also whether Ms. Howell could have, or should have, reasonably seen Ms. Smith prior to the accident. While Ms. Smith argues that the facts "unequivocally establish that prior to the collision, plaintiff, Blanche Smith, was driving eastbound on Coliseum" and suggests that she had the right of way "at all times," these

---

[1] There is no indication in the record whether Ms. Howell was referring to a traffic light directing the eastbound traffic on Coliseum at the intersection of Vandenburg, or a traffic light directing the northbound traffic on Vandenburg, or the business driveway at the intersection, which could turn right into the eastbound side of Coliseum or cross north through the intersection.

statements are not supported by the record. Rather, the record merely reflects that the parties' vehicles collided in the righthand lane on the eastbound side of Coliseum, with the front passenger side of Ms. Howell's vehicle coming into contact with an unknown location on the driver's side of Ms. Smith's vehicle. This is insufficient to support a summary judgment finding of sole liability on the part of Ms. Howell.

We further note that Ms. Howell's statement in her deposition wherein she answered "Yes" to Ms. Smith's counsel's question asking whether she accepted responsibility for causing the accident, when taken together with her entire deposition testimony and attached exhibits, does not equate to an admission of sole liability for the accident or otherwise support a summary judgment finding that Ms. Howell was solely at fault. While Ms. Smith suggests on appeal that we should disregard Ms. Howell's subsequent deposition testimony clarifying or explaining this initial statement because it was the result of improper leading questions by Ms. Howell's counsel, we note that Ms. Howell later stated in response to a question by *Ms. Smith's* counsel, "Well, if it was my fault, it was my fault. I don't know for sure. I didn't see her. I don't know where she was[.]" We further note that it was *Ms. Smith* who submitted Ms. Howell's entire deposition testimony into the record, and the deposition was accepted by the trial court without objection. Therefore, we may consider the entire deposition testimony in connection with our review of the summary judgment at issue.

Accordingly, we conclude, for the reasons set forth above, that the trial court erred in granting partial summary judgment on the issue of liability, and we remand the matter for further proceedings.

## DECREE

The partial summary judgment granted in favor of Ms. Smith and against Ms. Howell and State Farm is hereby reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Ms. Smith.

**REVERSED AND REMANDED.**